THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of SAMSON FRIED, Respondent, *v.* CLIFFORD SANTER, Appellant.

First Department, March 23, 1917.

Court — Court of Special Sessions, city of New York, held by city magistrate — appeal from judgment of conviction — statutes construed — appeal from General Sessions to Appellate Division.

Where a city magistrate of the city of New York has held a Court of Special Sessions under the authority of article 3-a, which was added to chapter 659 of the Laws of 1910 by chapter 531 of the Laws of 1915, the right of appeal from a judgment of conviction is governed by section 40 in article 3 of chapter 659 of the Laws of 1910, which provides that if the judgment be adverse to the defendant he may appeal as in an action prosecuted by indictment.

However, where an appeal from the judgment of a city magistrate holding a Court of Special Sessions has been taken to the Court of General Sessions, a further appeal does not lie to the Appellate Division from the determination of the General Sessions for there is no statute authorizing such an appeal, which will, therefore, be dismissed.

APPEAL by the defendant, Clifford Santer, from an order of the Court of General Sessions of the County of New York, as resettled, dismissing an appeal taken herein from a judgment of conviction by a city magistrate holding a Court of Special Sessions upon the ground that the Court of General Sessions is without jurisdiction to hear said appeal, and that the same lies direct to the Appellate Division.

*Henry K. Davis,* for the appellant.

*Robert S. Johnstone,* for the respondent.

SMITH, J.:

By article 1 of chapter 659 of the Laws of 1910, known as the Inferior Criminal Courts Act of the City of New York, it is provided that the inferior courts of criminal jurisdiction of the city of New York shall consist of the Court of Special Sessions and the City Magistrates' Courts. Article 2 provides for the organization of the Court of Special Sessions. Article 3 provides for the jurisdiction and procedure of said Court of Special Sessions, and provides for an appeal from a judgment or determination made by said court to the Appellate Division of the

Supreme Court. Article 4 provides for the organization of the City Magistrates' Courts. Article 5 declares the jurisdiction and procedure of said City Magistrates' Courts, and by section 94 it is stated that all provisions of law regulating appeals to the Court of General Sessions from the determination of a city magistrate or City Magistrate's Court, which provisions of law shall be in force when the act takes effect, shall apply to and regulate all appeals therefrom. In 1915 (Chap. 531) article 3-a was added to chapter 659 of the Laws of 1910. That article provided for a Court of Special Sessions to be held in the city of New York by one city magistrate in certain classes of cases upon the consent of the defendant and of the district attorney. By section 45 it is provided that whenever a city magistrate has held a Court of Special Sessions he shall return to the chief clerk of the Court of Special Sessions the warrant, if any, the information and depositions, the statement of the defendant, if he has made one, an extract from the minutes of the trial setting forth the result thereof, and all undertakings of bail for the appearance of witnesses taken by him in each case tried and determined by such Court of Special Sessions within five days from the final disposition thereof. He is required to keep a record as is required to be kept in the Court of Special Sessions and to return the same to the chief clerk of the Court of Special Sessions. By section 46 it is provided that whenever a Court of Special Sessions shall be held by a city magistrate the clerks, officers and other attendants shall have with reference to the business transacted by such court the powers and duties of clerks, officers and attendants respectively of the Court of Special Sessions.

It seems clear, therefore, that the practice and procedure in a Court of Special Sessions as held by a city magistrate is assimilated to the practice and procedure of the Court of Special Sessions held under article 3 of the Inferior Criminal Courts Act, and it would naturally follow that the right of appeal from the determination of the Court of Special Sessions as provided in section 40 of the act in article 3 should apply to judgments and determinations of a Court of Special Sessions when held by a magistrate under article 3-a of the same act.

This conclusion is somewhat strengthened by an amend-

ment made to section 94 of the original act, which provided for appeals from city magistrates. That section reads substantially as found in the act of 1910, but has in addition a final sentence reading as follows: "Upon the reversal of any judgment, order or other determination of a city magistrate the Court of General Sessions or a County Court may send back the cause for a new trial to the City Magistrates' Courts." (See Laws of 1915, chap. 531.) This provision indicates very clearly that the appeals therein contemplated are from the determinations of a city magistrate or a City Magistrate's Court as provided in article 5 of the Inferior Criminal Courts Act of 1910, and does not apply in any way to an appeal from a judgment of a Court of Special Sessions held by a magistrate, which we hold to be controlled by section 40 of the act found in article 3 prescribing the jurisdiction and procedure in the Court of Special Sessions and upon appeals from judgments therein.

While we have been led to consider the questions presented by this appeal in order to clarify the procedure, we find no provision of law which authorizes an appeal from this determination of the Court of General Sessions to the Appellate Division. These appeals only lie when authorized by some special provision of statute, and we are referred to no provision of law which authorizes the appeal in the case at bar.

The appeal should, therefore, be dismissed.

CLARKE, P. J., LAUGHLIN, SCOTT and SHEARN, JJ., concurred.

Appeal dismissed.