THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SALVATORE F. SELLARO, Appellant.

First Department, May 18, 1917.

Municipal corporations — city of New York — violation of Sanitary Code — evidence — jurisdiction — transfer of case to Court of Special Sessions — Inferior Criminal Courts Act, section 44, as amended, construed.

Prosecution of a defendant for the violation of section 124 of the Sanitary Code of the city of New York. Evidence examined, and *held*, sufficient to justify a conviction.

Where in such a case it appears that the magistrate before whom the defendant was first arraigned did not undertake to hold a Court of Special Sessions, but sat merely as a committing magistrate, and as such held the accused to answer under section 208 of the Code of Criminal Procedure, it was unnecessary for said magistrate in order to transfer jurisdiction to the Court of Special Sessions to make an order remitting the case for trial to said court, as provided by section 44 of the Inferior Criminal Courts Act of the City of New York as added by chapter 531 of the Laws of 1915. Said section has no application when the magistrate merely sits as a committing magistrate.

A city magistrate, merely because under certain circumstances he may become a Court of Special Sessions, does not thereby lose his power and authority as a committing magistrate, and when he sits as such his jurisdiction, power and duty are prescribed by chapter 7 of the Code of Criminal Procedure, section 188 *et seq.*

If a single magistrate enters upon a trial as a Court of Special Sessions, under section 44 of the Inferior Criminal Courts Act, as amended, and after so doing sees fit for any of the reasons stated in that section to remit the trial to another Court of Special Sessions, whether held by one magistrate or by three justices, he must make an order to that effect in order to confer jurisdiction upon the court to which the case is remitted to proceed with the trial thereof.

If, however, a city magistrate before whom a complaint is made does not undertake to hold a Court of Special Sessions, but sits merely as a committing magistrate, his powers and duties are prescribed by the Code of Criminal Procedure, and it is sufficient that he hold the defendant to answer. Thereupon the Court of Special Sessions, composed of three justices, will, upon information filed, and in a proper case, have jurisdiction to try the accused, or, if the crime charged be not triable before the Court of Special Sessions, the accused may be tried upon indictment.

APPEAL by the defendant, Salvatore F. Sellaro, from a judgment of the Court of Special Sessions of the City of New York,

county of New York, Part I, rendered against him on the 21st day of December, 1916, convicting him of violating section 124 of the Sanitary Code of the board of health of the department of health of the city of New York.

*Isaac Franklin Russell*, for the appellant.

*Terence Farley*, for the respondent.

SCOTT, J.:

The defendant was convicted in the Court of Special Sessions of having violated on March 8, 1916, section 124 of the Sanitary Code, which reads, in part, as follows: "Wood naphtha, otherwise known as wood alcohol or methyl alcohol; sale and distribution regulated.— No person shall sell, offer for sale, give away, deal in, or supply, or have in his or her possession with intent to sell, offer for sale, give away, deal in, or supply, any article of food or drink or any medicinal or toilet preparation, intended for human use internally or externally, which contains any wood naphtha, otherwise known as wood alcohol or methyl alcohol, either crude or refined." (See Cosby's Code Ord. [Anno. 1915] pp. 390, 391.)

The appellant offered no evidence in his defense, and the case was submitted on the People's evidence undisputed. It was quite sufficient to justify the conviction, and if there were no other question involved we should content ourselves with affirming the judgment without opinion. The appellant raises, however, a jurisdictional question which deserves consideration.

The record consists of an affidavit made by a pharmacist in the employ of the department of health of the city of New York; an order of a city magistrate holding the defendant to answer; an information by the district attorney; the proceedings before the Court of Special Sessions, and the judgment of that court.

The point which the defendant now makes is that the Court of Special Sessions, before which he was tried, never acquired jurisdiction to try him because it does not appear that the city magistrate, before whom he was first arraigned, had made an order remitting the case for trial to a Court of Special Sessions provided for by section 44 of the Inferior Criminal Courts Act of the City of New York (Laws of 1910, chap. 659), as added by

chapter 531 of the Laws of 1915. This contention he attempts to support by two cases decided by the Appellate Division of the Second Department, which if applicable to the present case, are decisive of this appeal. (*People ex rel. New York Disposal Corporation* v. *Freschi*, 173 App. Div. 189; *People* v. *Kalbfleisch Co.*, 174 id. 108.)

They are not, however, applicable. They arose under prosecutions commenced under section 44 above mentioned, or under section 95 of the act of 1910, while this prosecution did not.

By chapter 531 of the Laws of 1915 the Legislature added to the Inferior Criminal Courts Act (Laws of 1910, chap. 659) a new article designated as article 3A, and providing for Courts of Special Sessions to be held by single city magistrates. The 1st section of this article, designated as section 43 of the amended act, provides that " A Court of Special Sessions may be held in the city of New York by any one city magistrate where the offense charged is one of the following classes of misdemeanor." Then follows a list of minor offenses constituting misdemeanors. The 2d section of the added article, designated as section 44 of the amended act, provides the procedure to be followed by a single magistrate undertaking to hold a Court of Special Sessions. He cannot do this unless the defendant, after having been duly informed of his rights, consents thereto, or if the department in charge of the prosecution or district attorney objects. If the defendant consents, and the head of the department conducting the prosecution .or the district attorney does not object the magistrate may proceed to hold a Court of Special Sessions exercising all the powers of the Court of Special Sessions consisting of three justices provided for in articles 2 and 3 of the Inferior Criminal Courts Act. Then follow the provisions out of which the defendant's objection to the jurisdiction arises. They are: " *In any case where the magistrate holds a Court of Special Sessions* the action shall be tried and finally disposed of by him, or if the department in charge of the prosecution or the district attorney, as the case may be, and the defendant consent, may be tried by a Court of Special Sessions to be held by the next magistrate sitting in the same Magistrate's District Court or be remitted with the papers to the Court of Special Sessions provided for in articles

two and three hereof for trial there by three justices. At any stage of the proceeding before judgment the magistrate may * * * suspend the trial and cause the complaint and other papers to be sent to the district attorney for trial, upon information, by three justices in the Court of Special Sessions, provided for in articles two and three hereof."

It will be observed that the provisions just quoted are applicable only when the magistrate "holds a Court of Special Sessions." They have no application when he merely sits as a committing magistrate. It is fitting and proper when the trial of a criminal action is begun by one Court of Special Sessions, and is then transferred to another, that the fact of transfer should be evidenced by a formal order to the end that the continuity of jurisdiction may be preserved, and this is all that was held in the two cases above cited and on which defendant relies. A city magistrate, however, merely because under certain circumstances he may become a Court of Special Sessions, does not thereby lose his power and authority as a committing magistrate, and when he sits as such his jurisdiction, power and duty are prescribed by chapter 7 of title 3 of part 4 of the Code of Criminal Procedure, section 188 et seq. After providing for the course of the proceedings before a committing magistrate, section 208 provides that "If, however, it appear from the examination that a crime has been committed and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must, in like manner, indorse on the depositions and statement, an order, signed by him, to the following effect." Then follows the form of order to be so signed, being the identical form signed by the magistrate in the present case and holding the defendant to answer. The distinction between the course of procedure to be followed in the two cases is simple and perfectly clear. If a single magistrate enters upon a trial as a Court of Special Sessions under section 44 of the Inferior Criminal Courts Act, and after so doing sees fit for any of the reasons stated in that section to remit the trial to another Court of Special Sessions, whether held by one magistrate or by three justices, he must make an order to that effect in order to confer jurisdiction upon the court to which the case is remitted to proceed with the trial

thereof.   If, however, a city magistrate before whom a complaint is made does not undertake to hold a Court of Special Sessions, but sits merely as a committing magistrate, his powers and duties are prescribed by the Code of Criminal Procedure, and it is sufficient that he hold the defendant to answer.   Thereupon the Court of Special Sessions composed of three justices will, upon information filed and in a proper case, have jurisdiction to try the accused, or if the crime charged be not triable before the Court of Special Sessions, the accused may be tried upon indictment.   This distinction is clearly recognized although not elaborated by the learned justice who wrote the opinion in the *New York Disposal Corporation Case* (*supra*).   And this authority of a city magistrate to hold the accused for trial at a Court of Special Sessions composed of three justices is expressly reserved by the last sentence of section 44 above referred to.

In the present case it is made quite clear by the record that the magistrate before whom the defendant was first arraigned did not undertake to hold a Court of Special Sessions, but sat merely as a committing magistrate and as such held the accused to answer under section 208 of the Code of Criminal Procedure. We find no merit in the appeal.   The judgment is affirmed.

CLARKE, P. J., LAUGHLIN, DAVIS and SHEARN, JJ., concurred.

Judgment affirmed.