# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## February 1, 1918.

# THE PEOPLE ex rel. MOE DEMBINSKY v. FRANK W. FOX, Warden, etc.

(182 App. Div. 642.)

JURISDICTION—COURT OF SPECIAL SESSIONS—MISDEMEANORS—CODE CRIM. PRO., § 741.

Section 741 of the Code of Criminal Procedure, relating to proceedings in the Courts of Special Sessions in the city of New York, deals with the manner of procedure, and does not purport to limit the jurisdiction. It also recognizes the fact that there are special provisions of law relating to the Court of Special Sessions in the city of New York which it is not the intention of the Legislature that the provisions of the Code of Criminal Procedure relating to other counties shall supersede.

SAME.

The Special Sessions of the city of New York has power to hear and determine all complaints of misdemeanors except when jurisdiction is divested by indictment or removal and to pronounce upon conviction the same sentences that would be appropriate upon a conviction in the Court of General Sessions for the same offense.

SAME.

A city magistrate sitting as a Court of Special Sessions of the city of New York has jurisdiction to try a defendant charged with cruelty to animals declared to be a misdemeanor by section 185 of the Penal Law, and may sentence the defendant to pay a fine of $100, and in default thereof to stand committed to the city prison for twenty days.

Historical review of the legislation affecting Courts of Special Sessions.

APPEAL by the People of the State of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of October, 1917, sustaining a writ

of habeas corpus and remanding the relator to the Court of Special Sessions of the city of New York for resentence.

*Robert S. Johnstone,* of counsel (*Felix C. Benvenga* with him on the brief; *Edward Swann, District Attorney*), for the appellant.

————, for the respondent.

PAGE, J.:

On September 21, 1917, the relator was convicted upon a trial before a city magistrate sitting as a Court of Special Sessions of the city of New York of a misdemeanor, cruelty to animals. He was sentenced to pay a fine of $100, and in default thereof to stand committed to the city prison for twenty days. The learned justice at Special Term has sustained the contention of the relator that the court has power to sentence the relator to pay a fine not to exceed fifty dollars, or to imprisonment not to exceed six months, or both, as provided in section 717 of the Code of Criminal Procedure. That section is contained in title 1 of part 5, headed: "Of proceedings in Courts of Special Sessions in the Counties other than New York." The next title is headed: "Of the proceedings in the Courts of Special Sessions in the City of New York," and section 741 under said title provides: "The Courts of Special Sessions in the City of New York must proceed upon a criminal charge in the manner prescribed in the last title, except as provided in the next five sections, and as otherwise specially provided."

This section deals with the manner of procedure and does not purport to limit the jurisdiction. It also recognizes the fact that there are special provisions of law relating to the Courts of Special Sessions in the city of New York which it is not the intention of the Legislature that the provisions of the Code of Criminal Procedure relating to other counties shall supersede.

Since the first establishment of Courts of Special Sessions in the Colony of New York, there have been distinct provisions for such courts in the county of New York and the other counties of the State. Courts of Special Sessions were first instituted in the Colony of New York by acts passed in the Colonial Legislature in 1744, for the trial of misdemeanors, breaches of the peace and other criminal offenses under the degree of grand larceny, where the persons charged were unable to procure bail to appear at the General Sessions of the Peace, and have no substance of their own. In all the counties of the Colony except the city and county of New York, the court was composed of three justices of the peace, and they or two of them agreeing had power on conviction to give judgment for the infliction of such corporal punishment (not extending to life or limb) as they in their discretion shall think proper. They were further empowered, if they think it proper, in lieu of corporal punishment to impose a fine on such offender not exceeding the sum of three pounds. (3 Colonial Laws [Comp. Stat. Rev. Comm.], p. 377, chap. 766; 1 Livingston & Smith, p. 339, chap. 766.) At the same time there was passed a law for the establishment of such a court in the city and county of New York, with similar jurisdiction. The court was composed of the mayor, deputy mayor, recorder and aldermen for the time being or any three of them, whereof the mayor, deputy mayor or recorder should be one. Upon conviction by this court, the offender could be condemned to have and receive such corporal punishment (not extending to life or limb) as they in their discretion shall think proper, which judgment they were required to cause to be put in execution by the public whipper of said city, or by another person that will undertake the same. They were not empowered to substitute a fine in lieu of corporal punishment. (3 Colonial Laws [Comp. Stat. Rev. Comm.], p. 379, chap. 767; 1 Livingston & Smith, p. 340, chap. 767.) This same plan was adopted by the State of New York and courts similarly consti-

tuted and with like powers of punishment, and with the same difference of punishment, except the sheriffs were to execute the judgments, and outside the city and county of New York the courts impose a fine not to exceed ten pounds in lieu of corporal punishment. (Laws of 1787, chap. 65.) In the revision of 1801 (Laws of 1801, chap. 70, § 9; 1 K. & R. 305, § 9) the Court of Special Sessions in the city and county of New York was continued with similar jurisdiction. The court was composed of the mayor, recorder and aldermen, or any three of them, of which the mayor or recorder was to be one, the power of the court was limited to imposing a fine not exceeding twenty-five dollars and imprisonment not exceeding six months, or either. By section 11 of the same act courts consisting of three justices of the peace were provided in counties other than the city and county of New York with essentially similar jurisdiction and like powers of punishment. (1 K. & R. 306, § 11.) The same enactment was carried into the revision of 1813. (Revised Laws of 1813, chap. 85, § 13; 2 R. L. 504, § 13; Revised Laws of 1813, chap. 104, §§ 4, 6; 2 R. L. 507, § 4; Id. 508, § 6.) In the revision of 1830 (R. S., pt. 4, chap. 2, tit. 3, art. 1, §§ 1-21), entitled "Of trials before Courts of Special Sessions, held in any county of this State, except the City and County of New-York," the Courts of Special Sessions (except in the city and county of New York) were given power to hear and determine charges of certain specified crimes (§ 1) when the person charged with the offense shall request to be tried by such court (§ 2) or shall omit to give bail for his appearance at the next criminal court having jurisdiction (§ 3). Upon conviction it was provided (§ 19): "The court shall render judgment thereupon, and inflict such punishment by fine or imprisonment, or both, as the nature of the case may require; but such fine shall in no case exceed fifty dollars, nor such imprisonment six months."

By article 2 (§§ 22-30), entitled "Of trials before Courts of

Special Sessions in the City and County of New-York," the Court of Special Sessions was to be composed of three judges of the Court of Common Pleas of whom the first judge of said court, the mayor or recorder shall be one (§ 24), and was given jurisdiction to try any person charged with having committed petit larceny, or any assault and battery not riotously, where such person shall demand to be tried by such court or shall not give bail to appear at the next Court of General Sessions (§§ 22, 23), and shall upon conviction " of the offender, sentence him to the punishment prescribed by law " (§ 25). In 1855 (Laws of 1855, chap. 337) the jurisdiction of the Court of Special Sessions in the city and county of New York was greatly enlarged; it was given exclusive jurisdiction " to hear, determine, and punish according to law, all complaints for misdemeanors " unless the said court should order such complaint to be sent to the Court of General Sessions; and unless the accused when arrested and brought before the committing magistrate shall elect to have his case tried by the Court of General Sessions (§ 5). It would seem from these provisions that the Court of Special Sessions of the City and County of New York upon conviction could impose the same judgment that would have been imposed by the Court of General Sessions, and was not limited to the judgment that Courts of Special Sessions in other counties were authorized to impose. Whatever doubt there may have been was resolved by the enactment of chapter 302 of the Laws of 1871, which provided:

" Section 1. In all convictions for misdemeanors, tried in the Court of Special Sessions of the Peace in and for the City and County of New York, the said Court shall have power to impose the same punishment as is authorized by law to be inflicted in like cases tried in the Court of General Sessions in said City and County."

In 1858 (chap. 282, § 8) the Court of Special Sessions was provided to be held by three police justices. In 1865 (chap.

563, § 1) it was to be held by the two police justices elected respectively in the second and sixth judicial districts of the city and county of New York. In 1881 (chap. 442) the Legislature enacted the Code of Criminal Procedure by which Courts of Special Sessions, except in the cities of New York and Albany, were given jurisdiction to try offenders for certain specified misdemeanors (§§ 56-63) and with power upon conviction to impose the punishment prescribed (§ 59), which by section 717 was provided to be by fine or imprisonment or both; but the fine could not exceed fifty dollars nor the imprisonment six months. The Court of Special Sessions in the City and County of New York is given jurisdiction " to try and determine according to law all complaints for misdemeanors, unless the defendant elects to be tried at the Court of General Sessions, or the Court of Special Sessions sends the case to the General Sessions for trial " (§ 64, subd. 1), and " to impose the same punishment as is authorized by statute to be inflicted in like cases tried in the Court of General Sessions of the Peace of that City and County " (Id., subd. 4). The Legislature in 1882 enacted the " Consolidation Act " (chap. 410), and section 64 of the Code of Criminal Procedure was incorporated without change in that act (Consol. Act, § 1569), and the court was thereafter composed of three police justices (Id., § 1572). Section 741 of the Code of Criminal Procedure, as originally enacted, provided: " The Court of Special Sessions, in the City and County of New York, must proceed upon a criminal charge in the manner prescribed in the last title, except as provided in the next seven sections, and by special statutes."

The preceding title, except section 717, dealt with procedure in Courts of Special Sessions in the counties other than New York and the seven sections succeeding section 741 also dealt with procedure. It is evident that section 741 had reference solely to procedure and did not in any manner refer to or limit the jurisdiction as to offenses or the punishment therefor, which

was prescribed in section 64 of the Code of Criminal Procedure. Section 717 being a general provision relating to courts in all counties would not apply where there was a special provision in the same statute inconsistent therewith applying to one county. By chapter 601 of the Laws of 1895 the office of police justice in the city and county of New York was abolished, and all power, authority, duties and jurisdiction then vested in them and in the courts held by them, including the Court of Special Sessions, ceased and determined (§ 1), and the act provided for the appointment by the mayor of city magistrates (§ 2), and five justices of the Court of Special Sessions (§ 12), three of whom were to compose the Court of Special Sessions of the City and County of New York (§ 13). The act provided that the said court, except as otherwise provided in this act, shall have in the first instance exclusive jurisdiction to hear and determine all charges of misdemeanors committed within the county of New York, except charges of libel, subject to being divested of jurisdiction by the indictment of the offender for the same offense by the grand jury or by an order of a justice of the Supreme Court or the recorder or a judge authorized to hold a Court of General Sessions of the Peace in and for said county removing the cause to the latter court (§ 14, subd. 1), and it was further provided (§ 14, subd. 4) that " The said court and its justices shall also have and shall exercise, all the powers and jurisdiction not inconsistent with this act, which on the thirtieth day of June, eighteen hundred and ninety-five, shall be vested by law in the Court of Special Sessions in said city and county, and in the justices thereof," and section 18 provides: "All provisions of law, not inconsistent with this act, in force on the thirtieth day of June, eighteen hundred and ninety-five, relating to the Court of Special Sessions and to the police justices holding the same   *   *   *   shall remain in force, and shall thereafter apply to the Court of Special Sessions created by this act."

Thus all the powers and jurisdiction of the former Court of

Special Sessions were conferred upon, and continued by, the Court of Special Sessions created by this act. (Matter of Deuel v. Gaynor, 141 App. Div. 630, 633-635.) By the Greater New York charter (Laws of 1897, chap. 378, § 1391): "The Court of Special Sessions of the City and County of New York now existing is continued with the same powers, duties and jurisdiction as it shall have by law on the thirty-first day of December, eighteen hundred and ninety-seven, except as herein otherwise provided." (See, also, § 1406, subds. 1, 4.) By sections 1608-1610 all provisions of the Consolidation Act of 1882 not expressly repealed or inconsistent with the charter are continued in full force and effect. The revised charter contains the same provisions (Laws of 1901, chap. 466, § 1405, as amd. by Laws of 1902, chap. 590, and Laws of 1903, chap. 159; Id., §§ 1409, 1608-1610). In 1904 (chap. 563) section 64 of the Code of Criminal Procedure was amended by omitting therefrom subdivisions 1 to 6, and in lieu thereof inserting with respect to jurisdiction: "1. Such as is conferred on them by the Greater New York Charter and other existing statutes," and by the same act section 741 was amended to read at the end thereof, "except as provided in the next five sections, and as otherwise specially provided."

The powers and jurisdiction of the Court of Special Sessions of the City of New York were preserved and continued by the Inferior Criminal Courts Act (Laws of 1910, chap. 659, § 31). This historical review of the legislation affecting Courts of Special Sessions demonstrates that from their first establishment to this day such courts in the city and county of New York have differed from those held in other counties in the persons designated to hold the court, in jurisdiction of offenses and in power to sentence on conviction; that laws specially applicable to each have been enacted, but never has the jurisdiction to hear, determine and pronounce judgment of either been limited or controlled by reference to the laws applicable to the other.

There has existed from the first acts of 1744 to the last act of the Legislature a clear statement of the jurisdiction and powers of each court. The Court of Special Sessions of the City of New York has power to hear and determine all complaints of misdemeanors, except when jurisdiction is divested by indictment or removal or as otherwise specially provided, and to pronounce upon conviction the same sentence that would be appropriate upon a conviction in the Court of General Sessions for the same offense. In other counties Courts of Special Sessions are limited to hearing and determining certain specific misdemeanors and upon conviction can sentence by fine not to exceed fifty dollars or imprisonment not to exceed six months or both.

A Court of Special Sessions of the City of New York may be held by a city magistrate for the trial of certain specified misdemeanors. (Inf. Crim. Cts. Act, art. 3A, as added by Laws of 1915, chap. 531.) As to such misdemeanors as are within its jurisdiction it has the same power to impose sentences as the Court of Special Sessions held by three justices of that court. The Court of Special Sessions held by a city magistrate is a " Court of Special Sessions of the City of New York." (People v. Sellaro, 178 App. Div. 27, 29 ; People v. Santer, 176 id. 733.) The relator was charged with cruelty to animals as defined by the Penal Law (§ 185). This was one of the classes of misdemeanors that a city magistrate holding a Court of Special Sessions was authorized to hear, determine and give judgment. (Inf. Crim. Cts. Act, art. 3A, § 43, subd. b.) Section 185 of the Penal Law declares the offense to be a misdemeanor, but it does not specify the punishment therefor. It is, however, provided by the Penal Law (§ 1937): "A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary, or

county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both."

The offense of which the relator was charged being within the jurisdiction of the court, and the sentence not exceeding that which the court had power to impose, he was held on a lawful judgment and the writ of habeas corpus should have been dismissed.

The order sustaining the writ is reversed, the writ of habeas corpus dismissed and the prisoner remanded under the judgment assigned as the cause of his detention.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order reversed, writ dismissed and prisoner remanded as stated in opinion. Order to be settled on notice.