THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH GELTMAN, Appellant.

First Department, November 12, 1943.

*Karl Propper* for appellant.

*Fred Iscol* of counsel (*Paxton Blair* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondent.

UNTERMYER, J.   The defendant, charged with the violation of section 225 of the Sanitary Code of the City of New York in failing to furnish heat to the apartment of a tenant, was arraigned at a Municipal Term of the Magistrates' Court in

the Borough of Bronx. In accordance with section 131 of the New York City Criminal Courts Act he signed before the Magistrate at that time assigned to the Municipal Term in the Borough of Bronx, a written consent to a trial " by a Court of Special Sessions held by a City Magistrate ".

Successive adjournments were granted at the defendant's request by the Magistrate before whom the consent had been executed, eventually resulting in the defendant's appearance for trial before a different Magistrate. The defendant requested a further postponement upon various grounds and also asserted that the defendant had the unqualified right at any time to withdraw the consent previously signed by him. Although we agree with the People that no such unqualified right exists, the fact remains that the defendant never consented, as the statute requires, to a trial before a Magistrate different from the Magistrate before whom his written consent had been executed.

Section 131 of the New York City Criminal Courts Act provides that a defendant in a limited class of cases may, in lieu of a trial by the Court of Special Sessions, consisting of three justices, consent to be tried " by a court of special sessions held by a city magistrate " and that " *such* city magistrate " may thereupon " proceed to hold a court of special sessions and try and determine such action * * * and may from time to time adjourn such trial ". It then provides: " In any case where the magistrate holds a court of special sessions the action shall be tried and finally disposed of by him, or if the department in charge of the prosecution or the district attorney, as the case may be, and the defendant consent, may be tried by a court of special sessions to be held by the next magistrate sitting in the same magistrate's district court or be remitted with the papers to the court of special sessions provided for in articles two and three hereof for trial there by three justices ".

It is evident from these provisions that the defendant, having consented to such a trial by a particular Magistrate, may not, without his consent, be tried " by the next magistrate sitting in the same magistrate's district court ". It is true that in the present case the defendant secured adjournments which caused the case to be eventually called for trial before a different Magistrate. But the defendant's request for adjournment of the trial, which might have resulted in a trial before the same Magistrate to whom his consent had been given, is not the equivalent of a consent to a trial before a different Magistrate. Before the defendant in a criminal proceeding

may be held to have waived the important right to a trial before a court of Special Sessions constituted as provided in the statute it is essential that every requirement of law shall have been scrupulously observed.

The judgment of conviction should be reversed, the fine remitted and the case remitted to the Municipal Term of the Magistrates' Court of the Borough of Bronx for further proceedings in accordance with this opinion.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Judgment unanimously reversed, the fine remitted and the case remitted to the Municipal Term of the Magistrates' Court of the Borough of the Bronx for further proceedings in accordance with opinion.