The People of the State of New York ex rel. Willis Hathaway, Relator, against Harry T. Ashworth, as Warden of the Penitentiary of the City of New York, Riker's Island, New York, Respondent.

Supreme Court, Special Term, Bronx County, December 31, 1943.

*Abraham Leventhal* for relator.

*Samuel J. Foley, District Attorney (John B. Lee* of counsel), for respondent.

Schreiber, J. Willis Hathaway was arraigned before City Magistrate Sala on December 3, 1943, charged with violation of section 974 of the Penal Law, when he was advised of his right to be tried before three justices of the Court of Special Sessions. Instead, he consented, in writing, pursuant to section 131 of the New York City Criminal Courts Act (L. 1910, ch. 659, as amd.), to be tried by a court of special sessions held by a city magistrate, and then pleaded guilty to the charge. He was remanded for sentence on December 9, 1943, pursuant to section 153 of the New York City Criminal Courts Act.

On December 9, 1943, he was brought before another magistrate — Magistrate Hirsimaki — sitting as a court of special sessions and judgment was imposed, and he was delivered to the Department of Correction for the execution of said judgment.

The prisoner now maintains that he is illegally detained because the last-named Magistrate never had acquired jurisdiction to impose judgment upon him. That when he consented to be tried by a magistrate holding court as a court of special sessions, only Magistrate Sala had the power to try the case, accept his plea of guilty, and impose judgment.

The relator relies on the case of *People* v. *Geltman* (267 App. Div. 83).

In that case the court held that when a defendant consents, under section 131 of the New York City Criminal Courts Act, to be tried by a court of special sessions held by a city magistrate, he must be tried by the magistrate before whom he had executed the consent. In the *Geltman* case, after signing the consent before one magistrate, the case was adjourned several times and, finally, came on for trial before a different magistrate. The defendant had not signed any consent to be tried by the magistrate who did finally try the case.

In this case, however, after signing the consent the prisoner pleaded guilty before the Magistrate, who, he had consented, should sit as a court of special sessions, and Magistrate Sala was vested by section 153 of the New York City Criminal Courts Act with authority to remand the prisoner for sentence.

Section 131 of the New York City Criminal Courts Act provides in part: '' In any case where the magistrate holds a court of special sessions the action shall be tried and finally disposed of by him, or if the department in charge of the prosecution or the district attorney, as the case may be, and the defendant consent, may be tried by a court of special sessions to be held by the next magistrate sitting in the same magistrate's district court or be remitted with the papers to the court of special sessions provided for in articles two and three hereof for trial there by three justices.''

The foregoing would seem to manifest a legislative intent that only the magistrate, sitting at the time of the signing of the consent by the defendant, may *try* the defendant unless he consents to another trying his case. However, in section 153 of the same Act the Legislature further provided as to sentences:

'' § 153. *Remand pending investigation.* After conviction or a plea of guilty, except as hereinafter otherwise provided, any magistrate sitting as such or as a court of special sessions may remand the defendant or admit him to bail for a period not to exceed five days, exclusive of Saturdays, Sundays and legal holidays, for investigation before pronouncing sentence.

\* \* \* \* \* \* \*

'' In case of the death or disability of any such magistrate, or because of the fact that he is not then sitting in the court in which the defendant is to be sentenced, or upon his request endorsed on the papers, sentence may be imposed by any magistrate presiding in the same court, or by the magistrate presiding in the probation court.''

It follows that after conviction or a plea of guilty, *any* magis-. trate sitting in the court where conviction was had, whether it be a city magistrate's court's conviction as such or as a court of special sessions, has the power to sentence and impose judgment. (Cf. *People* v. *Panagoulokos,* 266 App. Div. 971.)

The judgment was properly imposed. The writ is dismissed.