THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* HENRY FREUDENBERG, Respondent.

First Department, May 27, 1958.

*Walter E. Dillon* of counsel (*Irving Anolik* with him on the brief; *Daniel V. Sullivan, District Attorney*), for appellant.

*Martin S. Freidman* of counsel (*Richard D. Friedman,* attorney), for respondent.

MEMORANDUM FOR THE COURT. Order granting writ of error *coram nobis* after hearing affirmed. The City Magistrate had jurisdiction to entertain the writ and conduct the hearing. Where neither the defendant nor the prosecuting official demands trial in the three-justice Court of Special Sessions, the City Magistrate has all the " powers and jurisdiction of the court of special sessions ". (N. Y. City Crim. Cts. Act, § 131, subd. 3.) Nor is it necessary that subsequent proceedings be taken before the same magistrate as the one before whom defendant was convicted or pleaded guilty (cf. subd. 4). This embraces not only the power to sentence (subd. 4), to grant a new trial (§ 131, subd. 3; § 31, subd. 8), but, by logical extension, to entertain a writ of error *coram nobis.*

Before 1946 the rule was otherwise. Then the statute limited Special Sessions' jurisdiction to the particular City Magistrate before whom defendant affirmatively consented to have trial. (*People* v. *Geltman,* 267 App. Div. 83, affd. 293 N. Y. 715.) By complete recasting of the statute (L. 1946, ch. 924), the City Magistrate, after advising defendant of his right to trial before a three-justice Court of Special Sessions, is given power to

try the case, unless defendant or the prosecuting official affirmatively demands otherwise. The statute, moreover, no longer limits the power to such magistrate, but grants it to any other magistrate before whom the case comes. The power granted, as noted above, under the statute, as enacted in 1946, includes " all the powers and jurisdiction of the court of special sessions " (§ 131, subd. 3).

It is significant that in this case the District Attorney not only did not make any demand for a hearing in the Court of Special Sessions, but expressly consented to the hearing before the City Magistrate.

FRANK, J. (dissenting). I cannot concur with the majority, for it is my view that we may not go beyond the threshold problem of jurisdiction, and are barred from an examination of the merits of this application.

After a trial on April 15, 1937 the defendant was convicted of the crime of driving a motor vehicle while intoxicated. The City Magistrate who presided has since died. We need not, therefore, be concerned here with an application made to a Judge before whom occurred the error sought to be corrected. There is no dispute that the Magistrate conducted the proceeding as a Justice of the Court of Special Sessions and it necessarily follows that the defendant was convicted by a Court of Special Sessions and not by a City Magistrate. (*People ex rel. Dembinsky* v. *Fox,* 182 App. Div. 642; *People* v. *Sellaro,* 178 App. Div. 27; *People* v. *Santer,* 176 App. Div. 733.) In the intervening years the defendant acquired a record of convictions for a variety of criminal acts including a felony. On some of these prosecutions he was represented by counsel. From the absence of anything to the contrary in the record, it is fair to assume that no question was raised in any of these matters as to the propriety of his 1937 conviction.

On September 24, 1957 the defendant was indicted by the Grand Jury of Bronx County for the crime of operating a motor vehicle while in an intoxicated condition, after having been previously convicted of a similar crime (Vehicle and Traffic Law, § 70, subd. 5). It was only then that any question was raised concerning the 1937 conviction.

Unquestionably the defendant has an absolute right, even at this late date, to test the propriety of his 1937 conviction by means of a writ of error *coram nobis,* provided, of course, that the alleged error is not patent on the record and is one of those that may properly be tested by this writ. (*People* v. *Silverman,* 3 N Y 2d 200, 203; *Matter of Bojinoff* v. *People,* 299 N. Y. 145.)

By a motion for an order in the nature of a writ of error *coram nobis* dated November 30, 1957 the defendant moved in the City Magistrates' Court of the City of New York, Vehicle and Accident Court, sitting as a Court of Special Sessions, County of Bronx, for an order to vacate and set aside the judgment entered on April 15, 1937.

City Magistrates may act as Justices of the Court of Special Sessions only where the power is expressly conferred by sections 130 and 131 of the New York City Criminal Courts Act. Section 131 in part provides (subd. 4): " 4. After conviction or a plea of guilty, if sentence be postponed for any reason, sentence may be imposed by a court of special sessions held by the same or any other magistrate or by the magistrate presiding in the probation court."

The foregoing provision may not be extended by implication to include the exercise of additional powers with respect to sentences, and nowhere in the act is the power conferred upon a Magistrate, presiding as a Justice of the Court of Special Sessions, to vacate a sentence imposed by a Court of Special Sessions. If, as suggested in the majority opinion, subdivision 3 of section 131 gives a Magistrate all the " powers and jurisdiction of the court of special sessions " including " by logical extension ", the power " to entertain a writ of error *coram nobis* ", then subdivision 4 is surplusage.

The City Magistrates' Court and the Court of Special Sessions are both courts of limited criminal jurisdiction (N. Y. City Crim. Cts. Act, § 2; N. Y. Const., art. VI, § 18; *Worthington* v. *London Guar. & Acc. Co.,* 164 N. Y. 81; *Mitchell* v. *Schroeder,* 94 Misc. 270, affd. 174 App. Div. 857; *Lewkowicz* v. *Queen Aeroplane Co.,* 154 App. Div. 142, affd. 207 N. Y. 290; *Irwin* v. *Metropolitan St. Ry. Co.,* 38 App. Div. 253). Since the jurisdiction conferred is purely statutory, it is necessarily confined and may not be extended except by express statutory enactment.

A city magistrate must comply strictly with the statute before jurisdiction to act as a Court of Special Sessions is acquired (*People* v. *Geltman,* 267 App. Div. 83; *People* v. *Genova,* 273 App. Div. 496, 497). For example, although a Magistrate is authorized to transact court business on the Sabbath (N. Y. City Crim. Cts. Act, § 101), the Court of Special Sessions is not, and a proceeding on a Sunday in that court was held to be void (*People* v. *Citarelli,* 247 App. Div. 53).

The inherent power of a court to set aside its judgment when procured by fraud and misrepresentation is now beyond

doubt (*Furman* v. *Furman,* 153 N. Y. 309; *Matter of Holden,* 271 N. Y. 212; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19, 25), especially within the limited field to which the writ of error *coram nobis* applies (*Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1, 5, 6; *Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131, 136; *Matter of Lyons* v. *Goldstein, supra*). The power to entertain writs of *coram nobis* has been held to apply to Courts of Special Sessions (*Matter of Hogan* v. *New York Supreme Court,* 295 N. Y. 92, 95). Such power, however, resides in the court and not in an individual judge. Since the Court of Special Sessions is purely a creature of statute (N. Y. City Crim. Cts. Act, arts. II, III), its jurisdiction may not be expanded or revised except by constitutional or legislative provision. The court consists of three justices sitting in banc except where the New York City Criminal Courts Act provides otherwise (art. III, § 31). So, for example, one judge may not try a defendant charged with a misdemeanor for which the punishment exceeds a fine of $100 or confinement for more than 60 days (§ 130, subd. i).

There is no statutory provision authorizing a single justice of the Court of Special Sessions to entertain a writ of *coram nobis*. In the absence of such provision, it is my view that the power may be exercised only by a full court. While the precise question was not involved in *Matter of Hogan* v. *New York Supreme Court* (295 N. Y. 92, *supra*), it is a fair inference that the Court of Appeals in determining the power of the Court of Special Sessions to entertain writs of *coram nobis* considered the court as consisting of three justices sitting in banc.

It should not be assumed that since the judgment of conviction under attack was imposed by a Magistrate serving as a Justice of the Court of Special Sessions it necessarily follows that another Magistrate who happens to be assigned to a part designated as a Court of Special Sessions has the power to pass upon a writ of *coram nobis,* in the absence of explicit statutory sanction. We are not authorized to extend the inherent powers vested in a court beyond the scope of its statutory jurisdiction.

I believe that this writ was entertained without any statutory authority therefor, and that the learned Magistrate, whose painstaking attention to the application is evident from the record, was without power to determine the question presented. The writ should be dismissed, without prejudice to the defendant's right to apply to the appropriate part of the Court of Special Sessions for the same or such other relief as he may be advised.

The order should be reversed and the writ dismissed.

Botein, P. J., Breitel, Rabin and Stevens, JJ., concur in Memorandum for the Court; Frank, J., dissents and votes to reverse and dismiss, in opinion.

Order affirmed.