Benjamin Gassman, J.
Appellant was charged with a violation of subdivision 2 of section 196 of the Labor Law and section 1272 of the Penal Law. The charge was failure to pay wages.
He was arraigned before a City Magistrate in the Municipal Term Court, Manhattan, on January 24, 1957. After being advised of his rights, he consented to be tried before the City Magistrate, sitting as a Court of Special Sessions. The trial resulted in conviction of appellant and the imposition of a fine of $100 or 10 days and 5 days in the Workhouse.
Defendant appeals from the said judgment of conviction.
Subdivision e of section 130 of the New York City Criminal Courts Act provides that “ A court of special sessions may be held in the city of New York by any one city magistrate where the offense charged is one of the following classes of misdemeanor: * * e. Any violation of any provision of the labor law ”. Section 131 of the New York City Criminal Courts Act provides that in such a ease, the defendant, on arraignment, shall be advised that he has a right to be tried by the Court of Special Sessions and that the defendant “ may at any time before the court hears any testimony upon the trial demand to be tried by the court of special sessions ”. Where no such demand is made — or where, as in this case, the defendant consents to be tried before the City Magistrate sitting as a Court of Special Sessions — “ the plea of the defendant shall be taken and the action tried and determined in such court of special sessions held by a city magistrate and the city magistrate shall *270 exercise with regard thereto all the powers and jurisdiction of the court of special sessions provided for in articles two and three hereof ”.
The record does not disclose that the appellant at any time made a demand that he be tried before a Court of Special Sessions. In fact, as was pointed out, he consented — on his arraignment — to be tried before the City Magistrate sitting as a Court of Special Sessions. The Court of Special Sessions held by a City Magistrate is a “ Court of Special Sessions of the City of New York”. (People v. Sellaro, 178 App. Div. 27, 29; People v. Santer, 176 App. Div. 733; People ex rel. Dembinsky v. Fox, 182 App. Div. 642, 649.)
Accordingly, the judgment appealed from is not that of the Magistrates’ Courts but of the Court of Special Sessions, and this court has no jurisdiction to entertain or hear this appeal. An appeal from a judgment of conviction by a Court of Special Sessions must be taken to the Appellate Division of the Supreme Court, and not to this court. (Code Grim. Pro., § 517.)
For the reasons stated, therefore, this appeal should be dismissed.
Kozicke, P. J., and Loscalzo, J., concur.
Appeal dismissed, etc.