THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARTIN SCHULMAN, Appellant.

First Department, July 6, 1961.

*J. Stanley Shaw* of counsel (*David A. Steinbock,* attorney), for appellant.

*Judah Gribetz* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for respondent.

*Per Curiam.* The defendant was convicted upon his plea of guilty for a violation of section 304 of the Multiple Dwelling Law. The plea was taken by a Magistrate sitting as a Court of Special Sessions. There are three assignments of claimed errors, namely, that the provisions of section 335-b of the Code of Criminal Procedure and section 131 of the New York City Criminal Courts Act were not complied with, and that it was an abuse of discretion not to allow defendant to withdraw his plea of guilty. We believe that error was committed, though not all of the Bench is in accord that each of the above assignments constitutes error.

Section 335-b of the Code of Criminal Procedure provides that where there is an additional punishment prescribed or authorized by reason of the fact that the defendant has previously been convicted of a crime, the court before accepting a plea must advise him that that fact may be established after his conviction and that he would be subject to such additional punishment. This section (L. 1959, ch. 219) is evidently modeled upon section 335-a, originally enacted in 1937, which section has application to traffic violations. Its purpose is to protect a motorist against having his license revoked because of an ill-advised plea of guilty to a traffic violation. While the wording of the two sections is not identical, it may be safely said that the protection once afforded only to those charged with traffic violations has been extended, where applicable, to other criminal proceedings. The same principles would, in general, govern the interpretation of both sections. It has been held that the warning is a matter of substance. It must be given whether or not a defendant is represented by counsel (*People* v. *Duell,* 1 N Y 2d 132), and whether he pleads guilty or not guilty (*Matter of Hubbell* v. *Macduff,* 2 N Y 2d 563). The evident object of the warning in a case where a defendant pleads not guilty is to provide against a mere perfunctory defense (see dissenting opinion of Van Voorhis, J., in *Matter of Astman* v. *Kelly,* 2 N Y 2d 567, 574).

The record in the instant case does not show any compliance with the above section except that defendant's counsel was

asked if he waived the public reading of his client's rights and charges and counsel replied that he did. The question is whether this is sufficient. The People, in addition to the argument that this was an express waiver, claim that if error is involved it is immaterial for the reason that the punishment meted out was less than what might have been imposed, legally, on a first offender. We cannot accept that argument. While we are mindful that the statutory safeguards are to be treated with reason and the form not be given a significance in excess of the substance (*Matter of Astman* v. *Kelly, supra*), as a practical matter substance is involved. While the penalty inflicted is, as stated, less than it might have been, it involves imprisonment for a crime which is generally regarded as *malum prohibitum* and the record shows that the sentence was very probably influenced by defendant's prior conviction. We return to the question of whether the so-called waiver obviated the giving of the warning. We think not. In order to constitute a waiver it is elementary that there must be an understanding of what is being waived. Had defendant appeared without counsel, there can be little doubt that it would not be assumed that he was aware of the rights that he was being asked to waive. We have seen the presence of counsel does not dispense with the necessity of the warning. The general terms of the question in regard to waiver of rights should not assume a greater particularity because of the presence of counsel. It takes about the same time to give the warning as it does to ask for a waiver of it. Efficient administration would not in the least be hampered by an express compliance.

Section 131 of the New York City Criminal Courts Act provides that a defendant arraigned before a Magistrate must be advised that he is entitled to a trial before three Judges of the Court of Special Sessions. We have stated that the provisions must be scrupulously adhered to (*People* v. *Geltman,* 267 App. Div. 83, affd. 293 N. Y. 715). It is true that since the *Geltman* case the statute has been amended so that the advice need not be repeated at each separate appearance before a Magistrate, but the section as amended (L. 1946, ch. 924), still requires the advice to be given and for the same reasons (see N. Y. Legis. Annual, 1946, p. 5). Failure to give the advice deprives the Magistrate of jurisdiction (*People* v. *Genova,* 273 App. Div. 496; *People* v. *Mappa,* 7 A D 2d 222). Doubtless, the giving of the advice may be waived as well as any other safeguard. The question here is whether it was, and the same considerations govern the decision as those discussed in connection with section 335-b. of the Criminal Code.

Lastly, there is the question of whether the failure to allow defendant to withdraw his plea was an abuse of discretion. It is quite true, as stated in the dissent, that the defendant was prepared to admit that the violations in regard to his building had existed and that he had no defense on the merits. However, it is equally true that he was prepared to show substantial facts in extenuation and when he sensed from the proceedings that those facts were not going to be given the effect he believed them entitled to, he applied to withdraw the plea. The application was made within a very few minutes of the entry of the plea. No possible prejudice to allowing the defendant to stand trial was shown. Insistence on the plea under such circumstances may have been impelled by entirely proper motives but it nevertheless is true that it militates against "the appearance of judicial impartiality, untrammeled by passion, pressure and prejudice" (*People* v. *Zelkowitz,* 8 A D 2d 161, 162).

The judgment of conviction should be vacated and the defendant is remanded to the Magistrates' Court for further proceedings on the information.

RABIN, J. (dissenting). I dissent and vote to affirm the judgment of conviction.

Section 131 of the New York City Criminal Courts Act (as amd. in 1946) confers jurisdiction on a City Magistrate sitting as a Court of Special Sessions over the crime with which the defendant is charged. The section does not require that the defendant affirmatively confer jurisdiction on the Magistrate, but rather affords the defendant the right to divest the Magistrate of jurisdiction at any time prior to the taking of testimony upon the trial. It is only required that the defendant be apprised of his right to be tried in the Court of Special Sessions. Concededly, this defendant was not so advised. However, the defendant, who was represented by counsel, was asked through his counsel whether he waived the "public reading of the rights and charges" — to which the attorney responded in part, "I waive the public reading". I conclude that such question and the response thereto constituted a waiver by defendant of the requirement that he be advised as to his right to a trial in Special Sessions. I also conclude that there is no bar to such a waiver. "It is traditional New York law that a defendant may waive anything except the court's jurisdiction over the subject matter of the crime, unless such a waiver is prohibited by the Constitution, or by a statute or by a strong policy" (DESMOND, J., concurring in *People* v. *Jacoby,* 304 N. Y. 33, 41-42). The waiver here did not run to the court's jurisdiction, such jurisdiction having

been conferred — not by the defendant — but by section 131. The requirement of strict compliance with the statutory provisions enunciated in *People* v. *Geltman* (267 App. Div. 83, decided prior to 1946), does not mandate that the defendant be advised of his rights in the precise language of the statute or even in language substantially paralleling the same. In *People* v. *Strauss* (8 A D 2d 779) this court affirmed a judgment of conviction where the Magistrate merely inquired of the defendant whether he conferred jurisdiction. Such question was held to satisfy the requirements of section 131.

While the question of whether the waiver extended to the defendant's right under section 335-b of the Code of Criminal Procedure may be more difficult of resolution, such question need not here be resolved. An omission to comply with section 335-b does not, without more, require that the conviction be set aside. It need not be set aside if it appears that the defendant was not prejudiced by such omission (cf. *Matter of Astman* v. *Kelly,* 2 N Y 2d 567). Thus, even if there were no waiver, the failure of the court here to advise under section 335-b does not require that the judgment be set aside because such failure was not prejudicial. The purposes of section 335-b would appear to be to prevent ill-considered pleas of guilty or hastily and ineffectual defenses being made by a defendant without knowing that the sentence might be greater than that given to a first offender. The sentence imposed upon this defendant was well within the confines of the punishment permitted to be meted out to first offenders. The fact that in fixing sentence the Magistrate may have been influenced to some degree by the defendant's prior conviction is of no moment. A defendant's prior criminal history and background are always available to and considered by a sentencing court in reaching a determination as to sentence. Such procedure is the norm and is not sought to be changed or avoided by section 335-b. That section is directed to situations where additional penalties are imposed over and above the regular limits of sentence in the case of multiple offenders.

Neither do I find the Magistrate's refusal to permit the withdrawal of the plea to have been arbitrary. The plea of guilty was not inadvertently interposed. Indeed, at the court session prior to the one at which the defendant pleaded guilty, defense counsel, in seeking an adjournment to permit the defendant to complete the repairs, flatly stated that the violations existed, that the defendant was guilty and that at the next court session he would enter a plea of guilty. The application to withdraw the plea was not made until and only because the Magistrate

directed that the defendant be fingerprinted. Such reason cannot serve as the basis for the withdrawal of a plea of guilty. Therefore it was not arbitrary for the Magistrate to refuse to permit a withdrawal of the plea (*People* v. *Newman,* 13 A D 2d 468). Such refusal was reasonable and fully justified in the circumstances. While it seems that the direction for fingerprinting impelled the application for withdrawal of the plea, it may well be that the basic reason was counsel's disappointment in not being able to by-pass the Magistrate who took the plea. We should not encourage the selection of the sentencing Magistrate by a defendant.

VALENTE and STEUER, JJ., concur in *Per Curiam* opinion; McNALLY, J., concurs in following memorandum: I concur for reversal on the ground that there was neither compliance with nor waiver of the provisions of section 335-b of the Code of Criminal Procedure and section 131 of the New York City Criminal Courts Act.

RABIN, J. P., dissents and votes to affirm in opinion in which EAGER, J., concurs.

Judgment of conviction vacated and the defendant is remanded to the Magistrates' Court for further proceedings on the information.