(87 Misc. Rep. 464)

### PEOPLE v. PRAY et al.

(Court of General Sessions, New York County. November, 1914.)

1. CONSTITUTIONAL LAW (§ 45*)—DUTY OF COURTS TO DETERMINE.
   It is as much the duty of a court of the first instance to declare invalid a statute which is in clear violation of the Constitution as it is the duty of the court of last resort on appeal.

   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 42; Dec. Dig. § 45.*]

2. JURY (§ 22*)—JURY TRIAL—PROSECUTIONS.
   Inferior Criminal Courts Act (Laws 1910, c. 659) § 95, contravenes Const. art. 1, § 2, providing that the right of trial by jury shall remain inviolate, in so far as it confers jurisdiction on city magistrates to sum-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

marily try and convict in misdemeanor cases is. unconstitutional; and a judgment by a justice of the Court of Special Sessions of the City of New York, sitting as a magistrate, convicting defendants of illegal sale of' heroin, in violation of Sanitary Code, § 182, was unauthorized.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 145–151; Dec. Dig. § 22.*]

. Appeal from Court of Special Sessions, New York County.

Charles P. Pray and another were convicted of selling heroin, in violation of Sanitary Code, § 182, and appeal. Reversed, and defendants discharged.

Frederick B. McNish, of. New York City (W. Henry Hoyt, of New York City, of counsel), for appellants.

Floyd H. Wilmot, Deputy Asst. Dist. Atty., of New York City, for the People.

NOTT, J. These defendants were convicted of making an illegal sale of heroin, in violation of section 182 of the Sanitary Code. They were. tried by a justice of the Court of Special Sessions, sitting as a city magistrate, who tried the case summarily under the provisions of section 95 of chapter 659 of the Laws of 1910, commonly known as the Inferior Criminal Courts Act. Section 1172 of the Greater New York Charter (Laws 1901, c. 466), provides as follows:

"Any violation of said Sanitary Code shall be treated and punished as a misdemeanor."

Appellants contend that section 95 of the Inferior Criminal Courts Act is unconstitutional, for the reason that it confers power upon a city magistrate to summarily try and convict a defendant for a violation of the Sanitary Code, which violation has been declared to be a misdemeanor by the section of the Charter above mentioned; and that such a provision, bestowing such powers upon the city magistrate, is in contravention of article 1, § 2, of the Constitution, which provides that the right of trial by jury shall remain inviolate.

[1, 2] The learned justice, before whom the case was tried, declined to pass upon this point, saying that in his opinion an act of the Legislature should be declared unconstitutional only by an appellate tribunal. While the Court of General Sessions has appellate jurisdiction in cases of convictions by city magistrates, I entertain the feeling that a single judge should. be reluctant, even though sitting in an appellate capacity, to declare an act unconstitutional, especially where there is no right of appeal from his decision. But, where such a judge entertains no doubt of the unconstitutionality of an act, it is his duty to render his decision and not evade responsibility. As was well said by Judge Benedict in People ex rel. Wogan v. Rafferty, 77 Misc. Rep. 258, 136 N. Y. Supp. 4: .

"It is just as much the duty of the court of first instance to declare invalid and prevent clear violations of the Constitution by legislative enactment as it is the like duty of the court of last resort upon appeal, and this duty should not be evaded by the trial judge by casting responsibility upon appellate tribunals."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As section 95 of the Inferior Criminal Courts Act appears to me clearly to be unconstitutional, in so far as it attempts to confer jurisdiction upon city magistrates to try acts declared by law to be misdemeanors, I am constrained to reverse the judgment.

The only exception made by the Constitution to the provision of article 1, § 2, thereof, is found in the subsequent amendment of the Constitution, which in article 6, § 23, confers upon the Legislature the right to give the Court of Special Sessions jurisdiction of offenses of the grade of misdemeanors. It cannot be seriously contended that the City Magistrates' Court is a branch or part of the Court of Special Sessions. The Inferior Criminal Courts Act provides (section 2) that:

"The inferior courts of criminal jurisdiction of the city of New York shall consist of (1) the Court of Special Sessions; (2) the City Magistrates' Courts."

And in section 10:

"There shall be only one Court of Special Sessions for the city of New York."

It is true that section 95 of the Inferior Criminal Courts Act contains the provision that:

"The right of any person to elect to be tried before a jury, *as it now exists*, is not affected by anything herein contained."

That provision of the section was contained in the prior statutes from which the section was derived, and prior to 1895 had some force and effect, because before that date a defendant in a misdemeanor case had the right to elect to be tried by a jury; but the Legislature, by chapter 601 of the Laws of 1895, exercising the power conferred upon it by section 23 of article 6 of the Constitution, vested the Court of Special Sessions with jurisdiction to try persons charged with misdemeanors, and deprived such persons of their right to elect a jury trial. This right of election, therefore, in 1910, when the Inferior Criminal Courts Act was passed, was simply nil.

In People ex rel. Comaford v. Dutcher, 83 N. Y. 240, the court said (referring to the amendment of section 23 of article 6 of the Constitution, which declares that "Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanor as may be provided by law"):

"Prior to this amendment the statute cited, so far as it confers exclusive jurisdiction, would be a violation of section 2 of article 1 of the Constitution, and the amendment of section 26 of article 6 was no doubt designed to invest the Legislature with authority to confer upon courts of Special Sessions full and exclusive jurisdiction in this class of cases, which it was held not to possess under the decision of the courts."

It follows, therefore, that by reason of the constitutional provisions above referred to a defendant accused of crime must be tried by a jury, unless the crime committed by him is a misdemeanor, when he may be tried by a Court of Special Sessions. The attempt, therefore, of the Legislature to confer jurisdiction upon a city magistrate to try

a defendant for an offense declared by law to be a misdemeanor is a violation of such defendant's constitutional rights.

For these reasons the judgment of conviction is reversed, and the defendants must be discharged.

Judgment reversed, and defendants discharged.