THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SALVA-
TORE CITARELLI, JR., Appellant.

First Department, March 27, 1936.

*Peter L. F. Sabbatino* of counsel [*Edward J. Fontana* with him on the brief], for the appellant.

*Lyon Boston* of counsel [*William Copeland Dodge, District Attorney*], for the respondent.

UNTERMYER, J.   The defendant was convicted and has been fined the sum of five dollars for the violation of the Sabbath law (Penal Law, § 2143), in that he caused certain work, consisting of painting, to be done on Sunday, July 28, 1935.   The offense with which the defendant was charged was not within the ordinary jurisdiction of a city magistrate (Inferior Criminal Courts Act, art. VII), but, being a misdemeanor, was one of which the Court of Special Sessions had " exclusive jurisdiction " by subdivision 1 of section 31 of the Inferior Criminal Courts Act.   On the day of his arrest the defendant, after being arraigned before the magistrate and having pleaded not guilty, waived trial by three justices of the Court of Special Sessions and consented to be tried by a city magistrate holding a Court of Special Sessions in accordance with article VIII of the Inferior Criminal Courts Act.

The Judiciary Law (§ 5), as amended by chapter 602 of the Laws of 1930, provides that " a court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury and for the receipt by a Court of Special Sessions of a plea of guilty and the pronouncement of sentence thereon in any case in which such court has jurisdiction," but this shall " not prevent the exercise of the jurisdiction of a magistrate, where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense."   Section 101 of the Inferior Criminal Courts Act provides, however, that " notwithstanding the provisions of any general or special law, a city magistrate's court may be convened on Sunday, and the magistrate presiding therein may receive complaints and pleas, hear and determine cases and make any judgment or order therein and dispose of the same, and otherwise transact any official business coming before him in the same manner and to the same extent as upon any other day of the week."

Two propositions appear to be undisputed, or at least indisputable. The first is that a Court of Special Sessions, consisting of three justices, could not, on Sunday, have tried the defendant on the misdemeanor charge of which he has been convicted.   The second is that, by section 101 of the Inferior Criminal Courts Act, a City Magistrate's Court may be held on Sunday and as such may exercise the same jurisdiction as upon any other day of the week.   The question which confronts us now is whether a Court of Special Sessions held by a city magistrate may hear and determine on Sunday misdemeanor cases which a Court of Special Sessions consisting of three justices might not hear.

We are of the opinion that the trial of a contested case by a Court of Special Sessions cannot be held on Sunday whether the court

consists of three justices or a single magistrate. Section 2 of the Inferior Criminal Courts Act provides: " The inferior courts of criminal jurisdiction of the City of New York shall consist of: 1. The Court of Special Sessions. 2. The City Magistrates' Courts." When a city magistrate with the consent of the defendant undertakes the trial of a misdemeanor charge he no longer presides in a magistrate's court. By the authority of the statute, he then is constituted a Court of Special Sessions which, in such case, " may be held in the city of New York by any one city magistrate " (§ 130). Thereupon, the statute provides he shall " exercise with regard thereto all the powers and jurisdiction of the Court of Special Sessions " (§ 131). (See, also, §§ 132 and 133.) These provisions were, no doubt, considered necessary to avoid the serious constitutional objections which might otherwise have existed to the trial by a Magistrate's Court of offenses of the grade of misdemeanor. (State Const. art. VI, § 18; *People ex rel. Comaford* v. *Dutcher*, 83 N. Y. 240; *People* v. *Pray*, 87 Misc. 464.) It follows that the defendant was convicted by a Court of Special Sessions and not by a City Magistrate's Court. (*People ex rel. Dembinsky* v. *Fox*, 182 App. Div. 642; *People* v. *Sellaro*, 178 id. 27; *People* v. *Santer*, 176 id. 733.)

Such being the nature of the court in which the defendant was convicted, we must seek some special provision of law exempting a Court of Special Sessions when held by a single magistrate from the provisions of section 5 of the Judiciary Law, which in general terms prohibits " a Court of Special Sessions " from conducting the trial of contested cases on Sundays. Yet no such provision is brought to our attention and none such have we found. On the contrary, section 101 of the Inferior Criminal Courts Act is limited to instances where the magistrate exercises his ordinary jurisdiction and not the jurisdiction of a Court of Special Sessions. It refers to " a city magistrate's *court*," and to " the magistrate *presiding therein*." It is in this capacity, as a magistrate, " presiding " in a " magistrate's court," that any business " coming before *him* " may be entertained on Sunday as upon any other day of the week.

This conclusion is confirmed by a consideration of the history of these provisions. The Inferior Criminal Courts Act of 1910 did not authorize city magistrates, even with the consent of the defendant, to hold a Court of Special Sessions for the trial of misdemeanors. (Laws of 1910, chap. 659; *People* v. *Fuchs*, 166 App. Div. 811; affd., 215 N. Y. 725.) These powers were first included in chapter 531 of the Laws of 1915. On March 1, 1912, the Appellate Division, in *People ex rel. Ryan* v. *Superintendent of State Reformatory* (149 App. Div. 794), had held that a city magistrate had no power to

conduct a trial on Sunday, even of offenses of which the magistrate had summary jurisdiction. That decision appears to have been subsequently disapproved by the Court of Appeals on June 4, 1912, in *People ex rel. Burke* v. *Fox* (205 N. Y. 490), but in the meantime, on April 18, 1912, the Legislature, by chapter 469 of the Laws of 1912, enacted those provisions of section 101 (then § 71) of the Inferior Criminal Courts Act on which the People rely in the present case. The district attorney on this appeal asserts, we think correctly, that this amendment " was motivated by the decision in the *Ryan* case." If it was, then it could not have been intended to authorize trials on Sundays by a magistrate sitting as a Court of Special Sessions, for no such jurisdiction existed at that time. When, however, the Legislature in 1930 amended section 5 of the Judiciary Law (Laws of 1930, chap. 602) by inserting the words " and for the receipt by a Court of Special Sessions of a plea of guilty and the pronouncement of sentence thereon in any case in which such court has jurisdiction," it must be presumed to have known that at that time, by article III-A of the Inferior Criminal Courts Act (now art. VIII), a single magistrate had power, with the consent of the defendant, to hold a Court of Special Sessions for the trial of the misdemeanors therein specified. If it had then been intended to discriminate between a Court of Special Sessions held by three justices and the same court held by a single magistrate, it is not to be supposed that the Legislature would have mystified its purpose by leaving it to inference alone.

If, as we conclude, the defendant could not be tried for this misdemeanor on a Sunday, then both the trial and the judgment of conviction are absolutely void (*People ex rel. Meyer* v. *Warden*, 269 N. Y. 426, and cases cited), and the defendant was never placed in jeopardy. (*People* v. *Connor*, 142 N. Y. 130; *Shepherd* v. *People*, 25 id. 406.) A defendant is not in jeopardy until he is " placed upon trial therefor upon an indictment duly found and sufficient in form and he pleads thereto and proceeds with the trial before a jury duly sworn to try the issues so joined." (*People ex rel. Stabile* v. *Warden, etc.*, 202 N. Y. 138.) To the same effect are *King* v. *People* (5 Hun, 297) and *People* v. *Goldfarb* (152 App. Div. 870; affd., 213 N. Y. 664). Here, in legal contemplation, there was no trial and no conviction. " The trial and verdict were such only in form, without the power or jurisdiction to give to them any validity or legal effect whatever. When the verdict had been recorded, no legal result had been accomplished that had the slightest effect upon the rights or liberty of the defendant. It could not be said that he was once in jeopardy within the legal and constitutional meaning of that term, since it implies a verdict or a trial before

some court possessing jurisdiction." *(People* v. *Connor, supra.)* Never having been placed in jeopardy, the defendant should be tried upon this charge and for that purpose a new trial may be ordered. In *People ex rel. Meyer* v. *Warden (supra)* the trial was begun before a justice and a jury on Saturday and continued on Sunday. When the trial was thus legally commenced by the impaneling of a jury and the taking of proof the defendant was in jeopardy and this was not affected by the circumstance that thereafter the court lost jurisdiction of the cause by continuing the trial on Sunday. The distinction between such a situation and a case where the defendant has never been in jeopardy was expressly recognized by the court, which said (pp. 429, 430): "If a court in which a prisoner is tried is entirely without jurisdiction and the trial is only one in form and can have no legal effect, such trial does not place the prisoner in jeopardy and that defense is not available to him upon a retrial." Upon the reversal of the judgment of conviction, the defendant may, therefore, be tried again.

The judgment should be reversed, the fine remitted, and a new trial ordered.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Judgment reversed and a new trial ordered and the fine remitted.