George B. De Lxjca, J.
The appellant herein has been convicted by a City Magistrate in Municipal Term, Part I, of the Magistrates’ Court of the City of New York, of a misdemeanor, to wit: a violation of sections T41-3.0, T41-6.0 and T41-11.0, of the Administrative Code of the City of New York (enacted by Local Laws, 1938, No. 23), in that he hindered an agent of *603 the Gity Comptroller from making a proper inspection of his premises and from seizing certain packages of cigarettes which did not bear the stamps required to be affixed thereto by the provisions of the said law.
The question for decision on this appeal is whether or not the City Magistrate, sitting as such and not in the capacity of a magistrate holding a Court of Special Sessions as provided by law, is possessed of the jurisdiction to try and determine summarily the charge of misdemeanor of which the appellant herein has been convicted.
The obvious and conclusive answer to this question is that a City Magistrate has no such jurisdiction because the State Legislature, by virtue of section 31 of the Inferior Criminal Courts Act of the City of New York (L. 1910, ch. 659), has delegated to the Court of Special Sessions of the City of New York, and not to the City Magistrates’ Court, the exclusive jurisdiction to hear and determine all charges of misdemeanor committed within the City of New York, except charges of libel, subject to being divested of such jurisdiction in the manner provided in said section, but which need not be considered in this opinion. Nevertheless, it might be advisable to pursue the matter a little further.
The present source of the power to try misdemeanor cases without a jury is contained in that part of section 18 of article VI of the State Constitution, effective January 1, 1926, reading as follows: “ * * * Courts of special sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the legislature may authorize them to try such offenses without a jury.”
Prior to the adoption of this section in its present form, the State Constitution did not contain a specific provision empowering the Legislature to authorize Courts of Special Sessions to try misdemeanors without a jury, but nevertheless, it had been held by our courts that the constitutional guarantee of a trial by jury “in all cases in which it has heretofore been guaranteed ” (art. I, § 2) did not apply to cases triable in the Courts of Special Sessions for the reason that a trial by jury was not within the course of procedure in such courts when the constitutional guarantee first appeared in the Constitution. (People ex rel. Murray v. Justices of Court of Special Sessions, 74 N. Y. 406; People ex rel. Borowiak v. Hunt, 157 App. Div. 848. See, also, People v. Kaminsky, 208 N. Y. 389; People ex rel. Frank v. McCann, 253 N. Y. 221; People v. Bellinger, 269 N. Y. 265.)
*604 By section 8 of chapter 531 of the Laws 1915, a new article III-A was added to the Inferior Criminal Courts Act, wherein it was provided for the first time that a Court of Special Sessions might be held by any one City Magistrate in certain classes of misdemeanor enumerated therein pursuant to the procedure therein set forth. Said article III-A has since been renumbered article III-B and finally as the present article VIII, embracing the present sections 130-133 inclusive (L. 1931, ch. 407; L. 1933, ch. 746).
The provisions of sections 130 to 133 for the trial of certain misdemeanors by a Court of Special Sessions held by one City Magistrate and for the procedure to be followed in such instances, were undoubtedly considered necessary to avoid the serious constitutional objections which might otherwise have existed to the trial by a City Magistrate’s Court of offenses of the grade of misdemeanor. (People v. Citarelli, 247 App. Div. 53, 55.)
Strong support for the observation just made is found in the historical basis for the existence of the power in the Court of Special Sessions to try misdemeanors without a jury and in the development of legislation, constitutional and otherwise, dealing with such power.
Pursuant to subdivision h of section 130 of said act, one of the classes of misdemeanor triable as above described is any violation of any provision of the Administrative Code of the City of New York, or of any local law or ordinance of the City of New York which is punishable as a misdemeanor.
By section 141 of the same Act, the Municipal Term is empowered to try, among others, all misdemeanors which may be tried by a Court of Special Sessions held by one Magistrate for the violation of a city ordinance, when the action is prosecuted by or on behalf of any department of the City of New York, except the Police Department. It may be assumed that an Administrative Code provision is the equivalent of a city ordinance within the meaning of this section.
In any case where the Municipal Term has jurisdiction pursuant to section 141, the magistrate 1 ‘ shall proceed, under the restrictions and in accordance with the procedure provided in article IV of this act, to hold the municipal term of the Court-of Special Sessions and try and determine such action”. (§ 142.) The reference in section 142 to “ article IV ” of the Inferior Criminal Courts Act should read “ article VIII”. It had formerly read “ article III-A” which article at that time contained the procedure for the Court of Special Sessions held *605 by one magistrate and the restrictions upon the magistrate holding such court, now appearing under article VIH. The change from ‘ ‘ article III-A ” to “ article IV ’ ’ instead of ‘ ‘ article VIII ’ ’ was made by inadvertence due no doubt to the confusion arising from the several renumberings of the sections and articles of the act. (L. 1915, ch. 531; L. 1931, ch. 407; L. 1933, ch. 746.)
We now come to a consideration of article VIII of the Inferior Criminal Courts Act. Section 131 thereof states in substance that before an offense triable by a Court of Special Sessions held by a City Magistrate can be tried and determined, it is necessary that the consent of the defendant be obtained, after informing him of his right to be tried by three justices at the Court of Special Sessions and provided further that no objection is made in behalf of the governmental department in charge of the prosecution or by the District Attorney. In actual practice, defendant’s consent is obtained in the form of a signed written consent witnessed by the magistrate.
In the instant case, the written consent of the appellant herein to his being tried by a Court of Special Sessions held by a City Magistrate was not obtained; in fact, the appellant was tried by the City Magistrate sitting in a summary capacity, over his strenuous objection that without such consent the Magistrate was without jurisdiction to so try him. It is obvious upon a reading of the various sections of the Inferior Criminal Courts Act to which reference has been made, that the Magistrate was without power in the premises and that the judgment rendered by him was void.
The jurisdiction assumed by the Magistrate below, is sought to be justified by the following provision appearing in section T41-11.0 of the Administrative Code, to wit: “The violation of any provision of this title may be tried in the municipal term of the magistrates’ court ”.
This provision, either by its terms or any possible interpretation of its language, does not purport to confer jurisdiction upon a City Magistrate in Municipal Term to try and determine summarily a charge of misdemeanor arising under title T of the Administrative Code, or to set up a procedure for the trial of misdemeanors different from that prescribed in sections 131 and 142 of the Inferior Criminal Courts Act. Moreover, the Municipal Assembly of the City of New York is without power to legislate concerning such jurisdiction or procedure. The power to establish courts of inferior criminal jurisdiction and to prescribe their jurisdiction and procedure obviously resides in the *606 State Legislature (N. Y. Const., art. VI, § 18). Whatever the purpose of the quoted provision may be, it is of no effect as a grant of jurisdiction.
The appeEant in his brief has discussed the City Home Buie Law in anticipation of a possible contention by the Corporation Counsel that the Municipal Assembly had power in the premises by virtue of its provisions. The respondent has advanced no such argument and we therefore deem it unnecessary to consider the point. What has been said herein disposes of this appeal without considering any of the other points raised by either party.
The judgment should be reversed, and complaint dismissed.
Bayes, P. J., and Hackenburg, J., concur.
Judgment reversed, etc.