THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH SCHACHER and SCHACHER LIQUOR STORES, INC., Defendants.

Supreme Court, Special Term, Kings County, January 18, 1944.

*Ralph K. Jacobs* for defendants.

*Thomas Cradock Hughes, District Attorney (Solomon A. Klein* of counsel), for plaintiff.

RUBENSTEIN, J. The corporate defendant, the holder of a license to operate a retail liquor store in this county, and its president have been charged, in an information filed in a Magistrate's Court of the City of New York, with selling Scotch whiskey at a price which is in excess of the ceiling price established by the United State Office of Price Administration under Maximum Price Regulation No. 445. (8 Fed. Reg., p. 11161, and amendts.) The information alleges further that defendants were therefore guilty of " violations of the order or regulations of the New York State War Council, relating to price regulations of the Office of Price Administration."

Anticipating that a conviction upon the charge may ultimately result in the loss of their liquor license, defendants move herein, pursuant to paragraph (c) of subdivision 1 of section 31 of the New York City Criminal Courts Act (L. 1910, ch. 659), for an order certifying that it is therefore reasonable that the charge now pending against them be prosecuted by indictment, in consequence of which they will be afforded a trial by jury.

It will be noted that the latter section provides that the Court of Special Sessions will be divested of jurisdiction to try a charge of *misdemeanor* if a Justice of the Supreme Court certifies that it is reasonable that such charge shall be prose-

cuted by indictment. For the purpose of invoking the favorable exercise of the court's discretion herein, the defendants basically contend that the violation with which they are charged constitutes a *misdemeanor*. The District Attorney, in opposition, urges on the contrary that the violation is but a mere *infraction*. Recourse to the following statutes readily reveals the propriety of the latter contention.

Chapter 445 of the Laws of 1942 (known as the New York State War Emergency Act), as amended by chapter 544 of the Laws of 1942 and chapter 171 of the Laws of 1943, authorizes the establishment of a State War Council and local units " for civilian protection and for aiding the war effort " and empowers it, among other things, " To adopt and promulgate in this state any rationing, freezing, price fixing or other order or regulation imposed by the authority of the federal government; and to adopt rules and issue orders with respect to the enforcement of any such rationing, freezing, price fixing or other order or regulation." (§ 7, subd. 6; see also § 9, subd. 7.)

The Legislature did not make the violation of a regulation, which is promulgated in accordance with the latter provision, the subject of separate treatment in the New York State War Emergency Act. Such violation was thus not specifically declared by the Legislature to be a misdemeanor or an infraction. However, a generic provision, obviously applicable to the violation herein involved, is found in subdivision 6 of section 101 of the Act, which provides; " 6. Any person who shall wilfully violate or disobey any duly promulgated rule, regulation or order, for which a person is not declared to be guilty of either a misdemeanor or an infraction in any of the preceding subdivisions of this section, or by or pursuant to any other provision of this act, shall be guilty of an infraction." (Added L. 1943, ch. 171.)

Since the Legislature did not expressly define a violation of the freezing regulation as constituting a misdemeanor, consideration of the latter section clearly reveals an intent to make such violation a mere infraction.

The legislative intent is further revealed by the language of subdivision (d) of section 100 of the Act, which states in part: " ' Infraction ' shall mean a violation of any law or duly promulgated rule, regulation or order (1) which is expressly declared to be an infraction by this act, or (2) which is not expressly declared by this act to be either a misdemeanor or an

infraction but where a penalty or other punishment is prescribed by this act. An infraction is not a crime and the penalty or punishment imposed therefor shall not be deemed for any purpose a penal or criminal penalty or punishment, and shall not impose any disability upon or affect or impair the credibility as a witness, or otherwise, of any person convicted thereof." (Amd. L. 1943, ch. 171.)

The distinction between the two types of violations which the Legislature obviously intended to make is not to be confused, as appears to be suggested in the argument advanced by the defendants, by the further provision contained in the last sentence of the latter subdivision, which reads: " For the purpose of conferring jurisdiction upon courts and judicial officers generally, subject to the provisions of section one hundred one-a of this act, such infractions shall be deemed misdemeanors and *for such purpose only* all provisions of law relating to misdemeanors shall apply to infractions." (Italics supplied.) (Amd. L. 1943, ch. 171.)

A provision which so clearly indicates that an " infraction " is to be regarded as a " misdemeanor " in order to satisfy one purpose alone, to wit, the conferring of jurisdiction on the Magistrates' Courts, surely cannot be extended by implication to mean that such " infraction " for any other purpose whatever is to be considered as falling within the category of a " misdemeanor.".

Not infrequently, as here, a single statute in its several sections provides for offenses of different grades which are subject to different penalties or punishments. That situation was discussed in *Schick* v. *United States* (195 U. S. 65, 68). Obviously the Legislature, in enacting subdivision (d) of section 100, desired to eliminate any doubt as to the jurisdictional competency of the magistrates to try all offenses committed in violation of the Act, irrespective of whether the particular offense should constitute a misdemeanor, and therefore within the classification of a " crime ", or should constitute a mere petty offense not recognized as a " crime " within the meaning of that term as defined by the Penal Law.

Where a defendant is charged under the Act with the violation of any regulation which has been made a misdemeanor, the Legislature has provided, pursuant to section 101-a, that there may be a divestiture of the otherwise exclusive jurisdiction which it has conferred upon a magistrate to hear and determine

the matter, thus preserving to a defendant the right of trial by jury in the same manner and to the same extent as generally provided by paragraph (c) of subdivision 1 of section 31 of the New York City Criminal Courts Act. No such privilege, however, is accorded to a defendant under section 101-a where the violation with which he is charged falls *substantively* within the less opprobrious category of a mere " infraction ". Where one is charged with the commission of an offense which is basically within the latter classification, there is no legislative authorization conferred upon a justice of the Supreme Court to divest a magistrate of jurisdiction and to direct that the person so charged be proceeded against by indictment. I have stated that the defendants fear that a conviction of the offense with which they are charged may entail the suspension or even the revocation of their liquor license. It is for such reason that they strenuously urge that the question of their innocence or guilt be determined by a jury. I doubt, however, that the Legislature intended to vest in the State Liquor Authority power to visit such drastic punishment upon those who violated a rule or regulation to which was not attached even the dignity of a misdemeanor. Since the violation with which they are charged, however, constitutes substantively a mere " infraction " and not a " misdemeanor ", this court is vested with no discretion in the matter. The motion must be denied.