THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALEXANDER GROSS, Respondent, against WILLIAM A. ADAMS, as Warden of City Prison, Appellant.

First Department, May 1, 1946.

608

*Charles C. Weinstein* of counsel (*Bernard Friedlander* and *Joseph J. Lucchi* with him on the brief; *John J. Bennett, Corporation Counsel*), for appellant.

*Abraham J. Halprin* of counsel (*Sidney R. Rossiter* with him on the brief), for respondent.

*William Sardell* of counsel (*Samuel Mermin, George Moncharsh, Milton Klein and Kenneth V. Fisher* with him on the brief), in behalf of the Price Administrator as *amicus curiæ*.

DORE, J. Special Term sustained a writ of habeas corpus and directed that relator be discharged from custody on the ground that the City Magistrates' Court has no jurisdiction to try and punish a violation of Local Law No. 34 of 1945.

Local Law No. 34, subdivision d, of 1945 (N. Y. City Administrative Code, § U41-4.0), so far as relevant, makes it unlawful for any person to demand or receive " any rent *or other consideration* for any housing or hotel accommodations for which a maximum rent has been prescribed by any regulation or order issued by the office of price administration of the United States of America in excess of that prescribed by the applicable regulation or order * * *." (Italics ours.) The penalty for such violation is a fine not to exceed $100 or imprisonment not to exceed thirty days or both. After trial before a city

magistrate functioning as a War Emergency Court relator was convicted, fined $100 and sentenced to jail for ten days. After serving seven of the ten days, relator was released by the order appealed from.

We think the order of the Special Term was erroneous and should be reversed.

There is no merit whatever to relator's contention that the complaint failed to charge a violation of Local Law No. 34. The complaint expressly charges " violating Local Law, No. 34, for the year 1945  *  *  *  relating to the price regulations of the Office of Price Administration," and prays that defendant be dealt with " according to law as provided for in the City Local Law, 34." Factually the complaint charges that relator required a tenant " to purchase furniture and other property " as a condition for housing accommodations in connection with premises 430 East 86th Street, New York, for the sum of $4,050 in excess of the maximum rent provided for such accommodations. As indicated, the local law in question makes it unlawful to demand rent " or other consideration " for housing accommodations in excess of that prescribed. The furniture was the " other consideration " for which an excess over the maximum rent was alleged to have been charged.

Questions that might properly be raised on an appeal from a judgment of conviction may not be considered on this appeal. The sole issue presented is the jurisdiction of the Magistrates' Court to try and sentence relator for the offense charged.

Special Term held that the only court vested with jurisdiction to try and punish violations of the Administrative Code or of local laws is a court of special sessions. The city magistrate who tried relator concededly was not sitting as such court. Accordingly, Special Term ruled that the city magistrate, as such, was wholly without jurisdiction, relying on New York City Criminal Courts Act (formerly " Inferior Criminal Courts Act of the City of New York," L. 1910, ch. 659), article VIII, section 130, subdivision h, and certain cases relating to misdemeanors. So far as relevant, article VIII, section 130, subdivision h, provides: " A court of special sessions may be held in the city of New York by any one city magistrate where the offense charged is one of the following classes of misdemeanor:  *  *  *

" h. Any violation of any provision of the administrative code, of the city of New York or of any local law or ordinance of the city of New York, *which is punishable as a misdemeanor.*" (Italics ours.)

The ruling is that the section applies to any violation, whereas by its terms the section is plainly limited to any violation " which is punishable as a misdemeanor." In Special Term's construction, the quoted italicized qualifying clause was apparently ignored.

The violation for which this relator was convicted was not declared in the local law to be a misdemeanor and there is nothing in the punishment provided indicating that it was intended to be such. Misdemeanors, for which no other punishment is specifically prescribed, are punishable by imprisonment for not more than one year or a fine of not more than $500 or both (Penal Law, § 1937). The punishment prescribed by the local law in question was not to exceed thirty days in jail and a fine of not to exceed $100. The violation here in question is not a misdemeanor but an offense that is less than a misdemeanor.

The legislative history of Local Law No. 34 further indicates the intent of the local legislature that such violation should not be deemed a misdemeanor. Bills originally introduced in the City Council covering the same subject proposed to declare violations misdemeanors. In the bill that finally passed, i.e., Local Law No. 34 of 1945, this was deliberately omitted. The council minutes indicate that the express reason for the omission was to avoid the procedural delays that would thus be incurred and to permit institution of summary proceedings before magistrates against such violations.

A city magistrate presiding over the War Emergency Court of the City Magistrates' Court of the City of New York has jurisdiction to try summarily and determine any charge of a violation of Local Law No. 34 of 1945. Section 102 of the New York City Criminal Courts Act provides: " The chief city magistrate and city magistrates have all the powers and jurisdiction possessed by city magistrates of the city of New York on the first day of April, nineteen hundred and ten."

Section 102 was a part of the 1910 statute enacted after the report of the Page Commission appointed by the Legislature in 1908 to inquire into the courts of inferior jurisdiction in cities of the first class. That commission drafted the 1910 statute. In its report to the Legislature, the commission said (pp. 6–7) : " The magistrates' court is the court of first instance and is held by a city magistrate. To this court are brought persons charged with the commission of (1) a felony, or (2) a misdemeanor, or (3) a violation of a law or ordinance not classified either as felony or misdemeanor. It is the duty of

the magistrate to determine whether he shall hold to await the action of the grand jury a person charged with committing a felony, or hold for trial at the court of special sessions a person charged with committing a misdemeanor, while in respect of the third class of cases he has summary power and jurisdiction to determine guilt and to sentence accordingly.''

In *People* v. *Lewis* (295 N. Y. 42), the Court of Appeals upheld the constitutionality of a local law of 1945 in a prosecution that originated, as the present case did, in the War Emergency Court of the City Magistrates' Court of the City of New York. Although on appeal the issue was not explicitly raised, we think the decision of the Court of Appeals necessarily recognizes that the Magistrates' Court, as such, is the proper tribunal for trial and determination of offenses that are violations of such local laws. In the *Lewis* case, the Appellate Part, First Department, Court of Special Sessions of the City of New York expressly overruled a contention made that a violation of the local law was a misdemeanor. (*People* v. *Lewis,* 186 Misc. 921, affd. 295 N. Y. 42.) In overruling the contention as without merit, that court cited *People* v. *Lookstein* (78 Misc. 306, 308) in which ROSALSKY, J., in the Court of General Sessions of the County of New York said: '' Upon the adoption of the Greater New York Charter the provision in the Consolidation Act (§ 85), that violations of city ordinances should be misdemeanors, was not incorporated, and section 49 of the charter* provides that the ordinances should be enforced ' by such fines, penalties, forfeitures and imprisonment as may by ordinance or by law be prescribed.' * * *

'' The question frequently arises whether every violation of an ordinance is a misdemeanor. After a careful examination of this subject, I have reached the conclusion that not every violation of a city ordinance is a misdemeanor unless its violation is expressly declared to be such. * * *

'' In view of the fact that the present ordinance does not declare its violation a misdemeanor, and of the further significant fact that whenever a violation of the law is declared a misdemeanor in the charter, it is expressly mentioned as a misdemeanor, the conclusion follows that a violation of section 408 of the ordinances of the city is not a misdemeanor * * * *.''

Courts of special sessions and magistrates sitting as such have no jurisdiction to try a defendant for violation of law

---

* Cf. also, Greater New York Charter, L. 1901, ch. 466, § 44 (Ash Second Edition).

unless it be a misdemeanor (N. Y. Const., art. VI, § 18; N. Y. City Crim. Cts. Act, § 31). Accordingly, if Special Term's ruling is sustained and the Magistrates' Courts, as such, have no jurisdiction, many offenses less than misdemeanors that are violations of the Administrative Code and local laws may escape any criminal prosecution.

The violation of Local Law No. 34 is an offense and not a misdemeanor and the Magistrate had jurisdiction.

The order appealed from should be reversed, the writ dismissed and the relator remanded to custody of the Warden of the City Prison.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Order unanimously reversed, the writ dismissed and the relator remanded to custody.