Bushel, M.
The defendants are accused of violating clause (b) of subdivision 2 of section 101 of the New York State Defense Emergency Act (L. 1951, ch. 784, as amd.) which makes it a misdemeanor to violate or disobey any duly promulgated regulation or order, or willfully to violate or disobey any official order by a person duly authorized, concerning the conduct of civilians and the movement and cessation of pedestrians and vehicular traffic.
At the threshold of the case, defendants pose a challenge to the jurisdiction of the Magistrate’s Court to hear and determine these charges. Section 102 of the State Defense Emergency Act which is captioned “ Jurisdiction of courts concerning violations ” provides that “ Courts of special sessions outside the city of New York and city magistrates’ courts in the city of New York, in the first instance, shall have exclusive jurisdiction to hear and determine charges of violations constituting misdemeanors or infractions under this act or under any rule, regulation or order duly promulgated pursuant to this act, committed within the territorial jurisdiction of such courts ” (emphasis supplied). The section then continues, “ Such exclusive jurisdiction in the case of misdemeanors shall be subject to removal to another court or to divestment on account of indictment or otherwise in the same manner and to the same extent as is now or may hereafter be provided by law with respect to charges of misdemeanors generally in such respective courts ” (emphasis supplied).
The challenge to jurisdiction advanced by defendants is that the Magistrate’s Court, unless it sits as a Court of Special Sessions in conformity with the procedure specified in sections. 130, 131 and 132 of the New York City Criminal Courts Act, has no power to try any defendant for a misdemeanor, the defendants in the instant case not having given their consent and waiver that this court sit as a Court of Special Sessions.
In People ex rel. Comaford v. Dutcher (83 N. Y. 240 [1880]) the Court of Appeals pointed out that an amendment (Judiciary art. [1869]) to section 26 of article VI of the then (1846) State Constitution declared that “ ‘ Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanor as may be provided by law ’ ’ ’. The court added that such amendment was “no doubt designed to invest the legislature *501 with authority to confer upon Courts of Special Sessions full and exclusive jurisdiction in this class of cases which it was held not to possess under the decisions of the courts ” (p. 242).
There followed a general revision of the Constitution of this State in 1894. However, section 23 of the Constitution as then revised still specified that Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanor as may be prescribed by law ”, thus repeating the identical language set up by the prior constitutional amendment.
In People v. Pray (87 Misc. 464 [1914]) it was held that an attempt of the “ legislature to confer jurisdiction upon a city magistrate to try a defendant for an offense declared by law to be a misdemeanor is a violation of such defendant’s constitutional rights ” (pp. 467-468). Such holding was obviously based upon the foregoing section 23 of the Constitution, which, as already noted, gave the Courts of Special Sessions exclusive jurisdiction of the offenses of the grade of misdemeanor.
It is further noteworthy that a constitutional convention was held in 1915, as the result of which there was submitted among others a proposed revision of section 23 of article VT as follows: ‘ ‘ Courts of special sessions and inferior courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law ” (emphasis supplied). It is significant that the only proposed change in the constitutional provision was the addition of the phrase, “ and inferior courts of similar character ”. It was thus presumably intended to give the Legislature power to confer jurisdiction of the trial of misdemeanors, not exclusively to the Courts of Special Sessions but, additionally, ‘ ‘ to inferior courts of similar character ”. The proposed amendment at that time, however was rejected.
Subsequently there were further amendments by virtue of which former section 23 was eliminated and supplanted by what is now section 18 of article VI of the Constitution. It was in 1925, however, that there was incorporated into section 18 the language as initially proposed in 1915 so that section 18 of article VI of the Constitution of this State now contains the following provision: ‘ ‘ Courts of special sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the legislature may authorize them to try such offenses without a jury.” (Emphasis supplied.)
There has been a long line of cases stemming from People ex rel. Comaford v. Butcher (supra) and People v. Pray (supra) *502 which would support the defendants’ contention, that a Magistrate ’s Court has no jurisdiction to try misdemeanors unless in conformity with sections 131-133 of the New York City Criminal Courts Act (People v. Citarelli, 247 App. Div. 53; People ex rel. Gross v. Adams, 270 App. Div. 607, 611, 612; People v. Seidman, 266 App. Div. 793; People v. Pershaec, 172 Misc. 324; People v. Aptaker, 25 N. Y. S. 2d 950, 952; People v. Schacher, 181 Misc. 769).
It is noteworthy that the legislation (N. Y. City Crim. Cts. Act, §§ 131-133) empowering a magistrate to sit as a Court of Special Sessions was first enacted in 1915 (L. 1915, ch. 531; People v. Citarelli, supra, p. 55). Significantly enough that was the year in which, as already indicated, the proposed revision of the constitutional provision treating with legislative authority concerning jurisdiction as to the trial of misdemeanors to include in addition to Courts of Special Sessions, ‘ ‘ inferior local courts of similar character ”, failed of enactment.
Since the Legislature did not then receive constitutional authority to confer jurisdiction to try misdemeanors upon “ inferior local courts of similar character ” to that of Courts of Special Sessions, the legislation so enacted (now N. Y. City Crim. Cts. Act, §§ 131-133) was devised to treat with the problem as it then existed. Indeed, it has been judicially recognized that “ These provisions were, no doubt, considered necessary to avoid the serious constitutional objections which might otherwise have existed to the trial by a Magistrate’s Court of offenses of the grade of misdemeanor ” (People v. Citarelli, supra, p. 55; People v. Aptaker, supra).
Understandably, therefore, a magistrate under the procedure set up by sections 131-133 of the New York City Criminal Courts Act actually sits as a Court of Special Sessions having the full power that a Court of Special Sessions held by three justices would have (People v. Citarelli, supra, p. 56).
However, the rejected revision to empower the Legislature to confer jurisdiction of the trial of misdemeanors to inferior local courts of similar character ” to Courts of Special Sessions was incorporated in our State Constitution in 1925.
The inclusion of the previously rejected revision must be accorded the significance that it is entitled to receive under all these circumstances, namely, that it was intended, as the added phrase plainly indicates, to extend the legislative authority as to the jurisdiction to try misdemeanors to “ inferior local courts of similar character ” to Courts of Special Sessions; such revision unsuccessful in 1915 and successful in 1925 otherwise would have been utterly meaningless.
*503 If the added clause was designed to, and as it did, empower our lawmakers to pass legislation conferring jurisdiction as to the trial of misdemeanors not alone upon Courts of Special Sessions but also upon “ inferior local courts of similar character ” then the question arises — does a Magistrate’s Court fall within the latter category! The answer must be in the affirmative for that is clearly recognized in the legislation (N. Y. City Crim. Cts. Act, §§ 131-133) which, under the procedure there set forth empowers a single magistrate to exercise all of the powers of a Court of Special Sessions. Moreover, the New York State Defense Emergency Act, here involved, expressly recognizes that the two courts are of similar character under section 102, which, in unequivocal language, that permits of no misconstruction or judicial interpretation, confers jurisdiction ‘ ‘ to hear and determine charges of violations constituting misdemeanors or infractions under this act ” exclusively upon “ Courts of special sessions outside the city of New York and city magistrates’ courts in the city- of New York ”.
As to offenses designated as “ infractions ” which are below the grade of misdemeanors, jurisdiction of the Magistrate’s Court in the City of New York is not and cannot be challenged (People v. Schacher, 181 Misc. 769, supra, 47 N. Y. S. 2d 371). As to the violations constituting misdemeanors, it must be concluded from the foregoing that the Legislature has the constitutional power to confer jurisdiction as to the trial thereof upon ‘ inferior local courts of similar character ’ ’ to Courts of Special Sessions in which category a Magistrate’s Court may be rightly classified.
If this court were simply to sit as a committing magistrate and were to hold these prosecutions for trial in the Court of Special Sessions that court could be met with the challenge that the legislation here provides that “ city magistrates’ courts in the city of New York, in the first instance, shall have exclusive jurisdiction to hear and determine charges of violations constituting misdemeanors ”. Defendants by their challenge to the jurisdiction of this court and their contention that jurisdiction exists only in the Court of Special Sessions, could not be held to have consented or acquiesced in the conferring of jurisdiction upon the Court of Special Sessions that did not there exist and which this statute places exclusively in the Magistrate’s Court (cf. People v. Geltman, 267 App. Div. 83, 84, 85). Defendants thus “ may escape any criminal prosecution” (cf. People ex rel. Gross v. Adams, 270 App. Div. 607, 612).
It is true that in People v. Seidman (266 App. Div. 793, supra) where the defendant was prosecuted for a violation of subdivi *504 sion 2 of section 101 of the then New York State War Emergency Act (L. 1942, ch. 544, as amd.) the Appellate Division of the second department ruled that a City Magistrate without constituting himself a Court of Special Sessions in conformity with sections 131-133 of the New York City Criminal Courts Act “ was without jurisdiction to try the defendant But that prosecution, as an examination of the record reveals, was on a complaint made October 29, 1942, and the defendant was tried and convicted on November 16, 1942. However, it was not until March 30, 1943, when the War Emergency Act was amended by the addition of a new section, section 101-a entitled ‘ Jurisdiction of courts concerning violations ” identical in language to section 102 of the present act bearing the same caption. Without enabling legislation such as provided in former section 101-a or in present section 102, expressly conferring jurisdiction to try these misdemeanors upon a magistrate’s court, no such power would exist. Hence People v. Seidman (supra) was correctly decided but does not constitute an authority supporting these defendants’ position.
• People v. Aptaker (25 N. Y. S. 2d 950, supra) involved an alleged violation of the Administrative Code relating to a cigarette stamp tax which the code defined as a misdemeanor. The code provided that “ ‘ The violation of any provision of this title may be tried in the municipal term of the magistrates’ court ’ ” (p. 953). As the court quite properly pointed out “ the Municipal Assembly of the City of New York is without power to legislate concerning such jurisdiction or procedure. The power to establish courts of inferior criminal jurisdiction and to prescribe their jurisdiction and procedure obviously resides in the State Legislature (Const. Article VI, Section 18) ” (p. 953). Here, as we have seen, the State Legislature did act to confer jurisdiction upon the Magistrates’ Courts in the City of New York to try these misdemeanors, which was constitutionally proper under the aforesaid provision giving the Legislature the right to confer such jurisdiction upon “ inferior local courts of similar character ” to that of the Court of Special Sessions.
Counsel for defendants attach significance to the concluding statement in section 102 of the legislation here under consideration which provides that “ Such exclusive jurisdiction in the case of misdemeanors shall be subject to removal to another court or to divestment on account of indictment or otherwise in the same manner and to the same extent as is now or may hereafter be provided by law with respect to charges of misdemeanors *505 generally in such respective courts That concluding statement only reinforces the conclusion reached here, that the Magistrate’s Court in this situation was simply treated as a court in the same category as that of Special Sessions and, accordingly, the legislative purpose was to give the defendants all the rights that a defendant now possesses with respect to having a misdemeanor prosecuted by an indictment pursuant to paragraph (c) of subdivision 1 of section 31 of the New York City Criminal Courts Act in order to obtain a jury trial.
It is obvious that the Legislature in conferring exclusive jurisdiction upon the Magistrate’s Court in the City of New York, in the first instance, to hear and determine violations under this act, whether infractions or misdemeanors, intended to give the enforcement authorities in this important metropolitan city the quickest possible means of bringing alleged violators expeditiously before the court where the cases may be tried and determined with a minimum of delay, since the alleged violations involve so important a matter as civil defense.
It is therefore concluded that these misdemeanors must be tried and determined in this court. Accordingly, the date for trial is set for October 17,1955, which will give these defendants ample time in view of the importance of the constitutional challenge made to this court, to continue such challenge by a proceeding under article 78 of the Civil Practice Act in the nature of the ancient writ of prohibition or by such other means as the defendants may be advised.