Fuld, J.
(dissenting). I cannot accept the view of the majority that the Legislature has the constitutional power to vest the Magistrates’ Courts of the City of New York with jurisdiction to try misdemeanors.
Section 18 of article VT of our Constitution reads:
“ Courts of special sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the. grade of misdemeanors as may be prescribed by law, and the legislature may authorize them to try such offenses without a jury.” (Emphasis supplied.)
The italicized words were added in 1925. I have always thought that their purpose was simply to make it clear that section 18 covers not only courts of special sessions, so denominated, but the equivalent of such courts, though not so denominated, which function outside New York City — namely, city courts, village courts and, perhaps, others. In other words, the phrase “ inferior local courts of similar character ” means inferior local courts of similar or equivalent jurisdiction.
Had section 18 of the Constitution been intended to apply to magistrates ’ courts, it would have simply read ‘1 Courts of spe *81 cial sessions and other inferior local courts ” — eliminating the significant expression “ of similar character As the section now reads, however, the Legislature is without power to vest magistrates’ courts with jurisdiction to try misdemeanors since these courts are ‘1 inferior local courts ’ ’, but not ‘ ‘ inferior local courts of a similar character ” to courts of special sessions.
In point of fact, prior to the enactment of the Defense Emergency Act (L. 1951, ch. 784, as amd.) whose constitutionality is before us for the first time on this appeal, the Legislature never attempted to empower magistrates’ courts in New York City to try misdemeanors. Indeed, it is expressly provided by statute that in New York City the court of special sessions 11 shall have * * * exclusive jurisdiction to hear and determine all charges of misdemeanors committed within the city of New York ” (N. Y. City Crim. Cts. Act, § 31). And the courts which have given thought to the subject have consistently declared that magistrates’ courts neither had the power nor could be given the power to try such misdemeanors. (See People v. Citarelli, 247 App. Div. 53, 55; People v. Aptaker, 19 Misc 2d 602; People v. Pershaec, 172 Misc. 324; People v. Pray, 87 Misc. 464, 467-468.)
Furthermore, it should be noted that, when in 1915 the Legislature desired to empower a magistrate to try certain misdemeanors, it did not vest the magistrate with power to try them, but, instead, explicitly provided that the magistrate had to sit as, and hold, a court of special sessions and, in addition, that the defendant had to give his consent to such a trial (N. Y. City Crim. Cts. Act, §§ 130, 131). And, if he did not give his consent, the statute provided, then, the misdemeanor had to be tried by the justices comprising the court of special sessions. So strong did this court deem the requirement of consent that it decided that a defendant, having consented to a trial by a court of special sessions to be held by a particular magistrate, could not, without the defendant’s further consent, be tried by any other magistrate. (See, e.g., People v. Geltman, 293 N. Y. 715, affg. 267 App. Div. 83.)
If the Legislature had the competency to grant magistrates the power to sit as such and to hear and determine charges of misdemeanors, there would have been no need for the elaborate procedure set up in the New York City Criminal Courts Act. *82 Moreover, and this, of course, is an important consideration, if we hold that the Legislature is under no constitutional inhibition, that body will then be able simply to provide that a New York City magistrate may try any misdemeanor without the defendant’s consent and over his objection and protest. This may mean a more speedy disposition of cases, but that cannot decide the constitutional question presented. If a defendant charged with a misdemeanor does have a right to be tried in New York City by a court of special sessions, composed of three judges, it is impossible to justify a trial by a single magistrate over the defendant’s objection. The provision, carefully written into the New York City Criminal Courts Act, requiring the defendant’s consent was “considered necessary to avoid the serious constitutional objections which might otherwise have existed to the trial by a Magistrate’s Court of offenses of the gradé of misdemeanor.” (People v. Citarelli, 247 App. Div. 53, 55, supra; see, also, People v. Aptaker, 19 Misc 2d 602, 604, supra; People v. Pershaec, 172 Misc. 324, supra; People v. Pray, 87 Misc. 464, 467-468, supra.)
In sum, then, a defendant charged with a misdemeanor is entitled to a trial in a court of special sessions — which in New York City is a court consisting of three justices or, in certain specified cases, of one judge only if the defendant consents thereto — and a statute which takes from him his right to a trial by such a three-man court deprives him of something truly substantial and contravenes .the constitutional provision discussed (N. Y. Const., art. VI, § 18). Consequently, the Defense Emergency Act, insofar as it empowers magistrates’ courts in New York City to try violations constituting misdemeanors, is invalid, and it follows that the magistrate who convicted the defendants before us lacked the power to try the charges.
In the view which I have thus taken, I do not reach the question— in my opinion, a close and difficult one- — whether the Defense Emergency Act, as applied in this case to these defendants, violates provisions of the Federal and State Constitutions (U. S. Const., 1st and 14th Arndts.; N. Y. Const., art. I, §§ 3, 8, 9).
The judgments appealed from should be reversed and the cases remanded to the Magistrates’ Court for further proceedings.
*83 Chief Judge Conway and Judges Desmond, Dye and Froessel concur in Per Curiam opinion; Judge Fuld dissents in an opinion in which Judges Van Voorhis and Burke concur.
In each case: Judgment affirmed.